[No. 4065.   Decided December 3, 1901.]

Charles Shephard, *Appellant,* v. G. W. Gove, *Respondent.*

JUDGES — CORRECTION OF ERRONEOUS DECISION BY SUCCESSOR IN OFFICE.

Erroneous decisions made by a judge in an action are properly correctible by his successor in office, where the action was not heard and determined prior to the succession to office of the later incumbent.

APPEAL — OBJECTIONS NOT URGED BELOW.

Where objection was not raised in the lower court that defendant had no right to interpose by answer the same defense that had been overruled on demurrer, it cannot be urged on appeal.

FINDINGS OF FACT AND CONCLUSIONS OF LAW — SEPARATE STATEMENT.

Under Bal. Code, § 5029, which provides that, in giving the decision in an action tried by the court, the facts found and the conclusions of law shall be separately stated, it is sufficient, where the findings and conclusions are placed under one cover, if they are separately and specifically set forth under their appropriate headings.

LIMITATIONS — ACTION ON DOMESTIC JUDGMENT.

Actions on domestic judgments fall within the provision of Bal. Code, § 4798, which limits actions on judgments of any state or territory to a period of six years after the accrual of a cause of action.

Appeal from Superior Court, King County.—Hon. Arthur E. Griffin, Judge.   Affirmed.

*Byers & Byers,* for appellant.

*Brady & Gay* and *Metcalfe & Jurey,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On June 5, 1886, appellant and another recovered judgment in the district court of the third judicial district of the territory of Washington, for the sum of $490.82, and $27.35 costs. Thereafter appellant acquired the interest of the other plaintiff in said judgment, and about November 1, 1900, brought suit thereon in the superior court of King county. The complaint was in the usual form. Defendant Wilson defaulted and defendant Gove (respondent here) appeared and filed a demurrer on two grounds: (1) Because the complaint did not state facts sufficient to constitute a cause of action; (2) because said action had not been commenced within the time limited by law. This demurrer came on for hearing before Judge Jacobs, who was then a judge of the superior court of King County, and was by him overruled. Thereafter the defendant Gove answered, among other things, to the effect that the cause of action mentioned in the complaint did not accrue within six years before the commencement of the action. These affirmative defenses were denied by plaintiff, and, on March 28, 1901, the cause came on for trial before Hon. Arthur E. Griffin, judge of the superior court of King county, who had succeeded Judge Jacobs. No evidence was introduced by the respondent, but it is asserted by the appellant that the respondent argued in support of his affirmative defense, as though it was a demurrer to the complaint on the ground that the action was not brought within the time limited by law. Judge Griffin decided the case, and directed judgment in favor of the defendant Gove, from which judgment this appeal was taken.

The appellant assigns five errors: (1) In considering that the question of the statute of limitations was an open

one in this case; (2) in considering the question of the statute of limitations, for the reason that a demurrer on this ground had been interposed and overruled, and that the respondent had thereafter answered in the case and thereby waived his right to interpose the plea; (3) in signing the findings and conclusions over the objection of the appellant that they were not separated as required by law; (4) in denying appellant's motion for a rehearing; (5) in holding that the statute of limitations of the state of Washington applied to an action on a domestic judgment.

The first and second assignments may be considered together. It is insisted by the appellant that Judge Griffin had no right to overrule a decision made by Judge Jacobs in the case. But the succession of judges cannot be considered by this court; the office is a continuing one; the personality of the judge is of no legal importance. The action of Judge Griffin was in legal effect a correction of his own action, which he deemed to have been erroneous; and it were far better that he should correct it, than to perpetuate an error which would have to be corrected by this court. As to the right of the respondent to interpose by answer the plea of the statute of limitations, it appears from the record that the respondent was at every step earnestly attempting to raise this question; but whatever his right may have been, under the circumstances of this case, the appellant did not move against the answer or in any manner object to it in the court below, but joined issue upon the answer by replying to the same without objection. Under the repeated rulings of this court, he thereby waived all right to object here to the action of the court which was not objected to at the trial.

The third assignment is a little difficult to understand, in the face of the statute and the record. The assignment

is that the court erred in signing the findings and conclu-
sions over the objection of the appellant that they were
not separated as required by law. The objection raised at
the time was "because the findings were not presented
under a separate heading from the conclusions." Of
course, the assignment of error must correspond with the
objection in that particular, but, as we view the case, no
objection of any kind could be raised to the manner in
which the findings of fact and conclusions of law were
made and stated. The statute provides (§ 5029, Bal.
Code), that, in giving the decision, the facts found
and the conclusions of law shall be separately stated.
The record shows that the statute was followed explicitly
in that respect. The findings and conclusions are not un-
der separate covers, if that is the objection which the ap-
pellant intends to urge, nor does the statute provide that
they should be; but under the title of "Findings of Fact"
the findings from one to twelve are set forth specifically,
stated under specific numbers. Then comes the announce-
ment, "Conclusions of Law," and the conclusions of law
are as specifically stated as were the findings of fact. The
objection is untenable, for the record in this respect is in
conformity with the provisions of the statute and the
usual practice. The fourth assignment, that the court
erred in denying appellant's motion for a rehearing and
new trial in said cause, will depend upon the view that
the court takes of the fifth, which is that the court erred
in holding and deciding that the statute of limitations of
the state of Washington applied to an action on a domes-
tic judgment. This question having been recently exam-
ined by this court in the case of *Citizens National Bank
v. Lucas, ante,* p 417, and it having been there determined
that domestic judgments fall within the provisions of

§ 4798, Bal. Code, the judgment in this case will be affirmed.

REAVIS, C. J., and ANDERS, WHITE, MOUNT, FULLERTON, and HADLEY, JJ., concur.