[No. 20712.    Department One.    January 12, 1928.]

HELENSDALE WATER COMPANY *et al., Appellants,* v. A. S.
BLEW *et al., Respondents.*[1]

[1] WATERS AND WATERCOURSES (97-1) — IRRIGATION — ACTION TO
ESTABLISH RIGHTS—JUDGMENT. Where the date for the begin-
ning of the irrigation season and the period for the storage of
water is fixed by a decree, and the water apportioned to the
respective interests, the decree is not affected by differences or
change in the seasons in the succeeding years, so as to entitle
any one to ask for a change in the date of apportionment, but
the parties are bound by the prior adjudication.

Appeal from a judgment of the superior court for
Okanogan county, Parr, J., entered March 10, 1927,
upon findings in favor of the defendants, in an action
to determine water rights, after a trial to the court.
Affirmed.

*P. D. Smith,* for appellants.

*Chas. A. Johnson* and *Geo. S. Lee,* for respondents.

MITCHELL, J.—An action was brought in the superior
court of Okanogan county in 1912, the purpose of
which was to have adjudicated all water rights in Loop
Loop creek and its tributaries in that county. One of
the issues in that action was the right of the Pleasant
Valley Irrigation and Power Company, a corporation,
to store the waters of those streams at certain seasons
of the year. All of the parties to the present action,
or their predecessors in interest, were parties to that
action. In that action, by a decree entered in January,
1913, all such water rights were fixed, and among other
things it was determined that the irrigation season
commenced May 1 and that, until that time each year,
the Pleasant Valley Irrigation and Power Company
and its successors in interest should have the right to

¹Reported in 262 Pac. 958.

store the waters of the stream in its reservoir. The present corporation, Pleasant Valley Water Users' Association, is the successor in interest of the Pleasant Valley Irrigation and Power Company. The terms of the decree in that case were observed and respected by all of the parties until 1920.

In the present action, one of the contentions of the plaintiffs is that the decree of January, 1913, does not fix the first day of May as the commencement of the irrigation season. That decree is a long one, and upon an examination of all its terms, no other conclusion can be reached than that it intended to fix, and did fix, May 1 as the commencement of the irrigation season. Still further, it appears that in the year 1920, prior to the first day of May, one Laney, one of the parties in interest, turned the waters of the creek into and down the natural channel and thereby prevented the Pleasant Valley Water Users' Association from storing the waters in its reservoir. Contempt proceedings were brought against him for thus violating the terms of the decree. In that contempt proceeding also, all of the parties to the present action, or their predecessors in interest, were made parties, and in May, 1920, judgment was entered declaring Laney to be in contempt, for which punishment was imposed; and in the judgment, it was further recited that the original decree of January, 1913, fixed the beginning of the irrigation season as May 1 and that the Pleasant Valley Water Users' Association, a corporation, has the right to store the waters of the stream up to May 1.

Notwithstanding the prior adjudications, the present action was brought in 1926 for judgment fixing the irrigation season to commence at a date earlier than May 1, claiming, first, that the decree of January, 1913, was not definite in that respect, and second, if that contention be not approved, that because of

climatic or seasonal changes since 1913 the matter should be reexamined and an earlier date set for commencement of the irrigation season; this under what is contended to be the doctrine of *In re Ahtanum Creek,* 139 Wash. 84, 245 Pac. 758. The action, upon trial, was dismissed and this appeal followed.

For reasons already stated, we cannot approve the argument based upon the first ground mentioned. The original decree of 1913 was sufficiently definite in the particular referred to, and later, 1920, declared and adjudged to be so.

[1] Nor is the *Ahtanum Creek* case authority for the second contention. In the present case, it was alleged and the court found that, for the last seven or eight years, the snowfall and rainfall in that locality were less than normal and that the flow of water in the creek was considerably less than the court, in the decree in 1913, found to be flowing in the stream. Therefrom it is argued on behalf of the appellants that the former decree should not be held conclusive, because in the *Ahtanum Creek* case, *supra,* we said:

"We do not understand that a water duty standard is fixed and immovable. While it must be uniform and apply to all users alike, it may be changed from time to time according to water, stream, soil and climatic conditions."

But counsel misconceives the meaning or application of the language quoted. Immediately following that language we said:

"A given quantity of water may be sufficient during one series of years, and wholly insufficient during another."

We were speaking of the duty of water. In the adjudication of water rights, the court finds the amount of water and apportions it among the several users. Thereafter, if, because of changes in water, stream,

soil and climatic conditions, the quantity of water in a season differs from the amount found and specified in the decree, then the distribution to the several users is more or less that season, share and share alike, than the decree provides for, according to the difference in the supply of water. The total rainfall differs during the years or series of years, and in this case the court found that, although there had been less than normal for several years at the date of the trial, from June 1 to the end of the year 1926 the precipitation was twenty-five per cent above normal. These things are of moment in the distribution of water during the irrigation season, but not controlling or effective against a judgment fixing the date at which the irrigation season commenced, nor as to a provision in the decree that, prior to the date of the commencement of the irrigation season, in order to store waters that the court found would otherwise go to waste, a party who had built and still maintains storage reservoirs should have the flow of the stream. In these respects, the appellants are concluded and estopped by the former adjudications.

Affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.