[No. 24351. Department Two. January 31, 1933.]

THE STATE OF WASHINGTON, *on the Relation of P. M. Bloom, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

[1]Reported in 18 P. (2d) 510.

*Edwin H. Flick* and *Herald A. O'Neill,* for relator.

*Grinstead, Laube, Laughlin & Meakim,* for respondents.

TOLMAN, J.—Relator, as plaintiff, in November, 1929, commenced an action in the superior court for King county in which Takiguchi & Company, a corporation, was made defendant. A trial was had to a jury, resulting in a verdict in favor of the plaintiff in the cause. The verdict was set aside and a new trial granted. A second trial was had to a jury, again resulting in a verdict for the plaintiff, and again the verdict was set aside and a new trial granted.

Thereafter, the plaintiff waived a jury trial, and the case was tried to the court. After hearing the evidence, the trial judge, not being fully satisfied, ordered an audit to be made of certain books and records, the court announcing that, after the report of the auditor was received, counsel on either side would be permitted to examine it, would be heard if desired, and thereafter the court would announce his decision upon the issues in the case.

The auditor, on May 11, 1932, filed his final report, in part in the form of suggested findings of fact and conclusions of law separately stated and numbered. On oral notice to opposing counsel, the plaintiff caused a hearing to be had on this report on May 28, 1932, at which counsel for the defendant did not choose to appear, and at the conclusion of that hearing, and on that day, the trial court made and entered its written order as follows:

"This cause came on this day on the hearing of the auditor's report filed herein on May 11, 1932, and the plaintiff being present and represented by his at-

torney, Edwin H. Flick, who made certain objections to said report; the auditor, E. W. Bundy, also being present at said hearing, and the defendant not being present or represented, and the attorney for plaintiff having argued the matter, and the court being now sufficiently advised:

"The court, now therefore, approves and confirms said auditor's report and adopts, as its own the findings and conclusions therein proposed by said auditor. "Done in open court this 28th day of May, 1932.
"William J. Steinert, Judge."

On the same day, and after the entry of the order quoted, the trial judge resigned his office and ceased to be a judge of the superior court.

Thereafter, and in November, 1932, the plaintiff in that action made a motion for judgment in accordance with the findings of fact and conclusions of law so arrived at, and caused the motion to be brought on for hearing before the respondent judge, who declined and refused to enter the judgment proposed, or any judgment in the cause, but did enter a written order to some extent embodying his reasons for his refusal to enter final judgment.

Whereupon, an alternative writ was sued out of this court, to which respondent has made a return which raises no issue of fact.

Our first inquiry is: Were the findings and conclusions of the auditor, which the trial court adopted as his own, sufficient in law, when so adopted, to entitle the prevailing party to a judgment thereon? Some contention is made to the contrary, but apparently respondent does not greatly rely on that defense.

As already indicated, the findings and conclusions were separately stated and numbered, as the statute requires. They set up as judicially established certain facts which theretofore were in dispute, and the conclusions drawn from the facts found call for a judg-

ment against the defendant, the terms and nature of which are clearly and definitely indicated. Our examination of the record indicates that, had the trial court made such findings and conclusions without the intervention of an auditor, or an auditor's report, no one would have questioned his right to enter a judgment thereon.

Surely, the fact that these findings and conclusions were definitely framed and set out in the auditor's report and that they were recommended by him, cannot make them less capable of adoption than proposed findings and conclusions so framed and submitted by counsel for the prevailing party in the case, and it would seem equally certain that such a written instrument as the auditor's report may be adopted by a signed written order specifically referring to the writing to be adopted just as effectively as though the specified written instrument had itself been signed by the judge. We have held that writings properly referred to in written findings are a part thereof. *Spokane Savings & Loan Society v. Park Vista Improvement Co.*, 160 Wash. 12, 294 Pac. 1028. See, also, 2 Bancroft's Code Practice and Remedies, § 1680.

We conclude, then, that the trial court accomplished what he intended when he adopted as his own the proposed findings of fact and conclusions of law.

That being so, the trial court had the right and the power to then, or at any time thereafter, enter a judgment in accordance with these findings and conclusions. It may be true, also, as suggested, that he had the right to modify, change or set aside any of such findings and conclusions at any time before judgment was entered thereon. But that was a right residing in him as the trial judge, and the matters remained within his breast if he continued to be the trial judge until final judgment. But this right to change or modify was

not a right which he could take with him into private life, or transfer to his successor in office or any contemporaneous judge of the same court. So, then, the trial judge having resigned and ceased to be a judge of the superior court immediately after making the findings, no power remained in him, or in any other judge, to change or modify the findings, and they could not be altered or set aside except only on review in some manner provided by law.

We have, then, this situation: A plaintiff, after arduous efforts, has obtained a degree of success which is embodied in findings of fact and conclusions of law favorable to him. These have become final and absolute (except for the possible right of review), but the judge who tried the cause has retired from office, and can no longer enter a final judgment thereon. There is no final judgment from which the plaintiff can appeal to this court, and it is at least doubtful if any right of appeal exists. He is satisfied with what he has so far obtained, and does not wish to have it set aside for any reason, or at all. Must he then remain forever where he is, without any judgment giving him the relief to which he has been found to be entitled? The only alternative, without the aid of this court, is to seek a new trial of the issues in the superior court or dismiss his action and begin anew. Surely the machinery of the law is not so inadequate as to afford no relief.

We think relator is entitled to the writ. We have held that mandamus will lie to compel a trial court to enter a judgment on a verdict of a jury. *State ex rel. Gabe v. Main,* 66 Wash. 381, 119 Pac. 844. So far as the present case is concerned, these findings of fact are the equivalent of a verdict of a jury, and we have held that mandamus will lie to compel the entry of a judgment in a case tried to the court. *State ex rel.*

*Eilers Music House v. French,* 100 Wash. 552, 171 Pac. 527.

Ruling Case Law gives as the general rule the following:

"Mandamus lies to compel a judge to sign a judgment rendered by him or by his predecessor in office, since that act is purely ministerial, or to enter a judgment which it is clearly his duty to enter, as where nothing remains to be done but the clerical work of entering it, or to enter judgment on the report of a referee, or to receive and enter a verdict, and to give judgment thereon, . . . " 18 R. C. L. 305.

See, also, *State ex rel. Smith v. Parker,* 12 Wash. 685, 42 Pac. 113; *State ex rel. Martin v. Superior Court,* 101 Wash. 81, 172 Pac. 257, 4 A. L. R. 572; *State ex rel. Wilson v. Kay,* 164 Wash. 685, 4 P. (2d) 498.

Indeed, the rule is so well settled that to cite further authorities would be useless.

It is said in the quotation from Ruling Case Law that the duty of a judge to thus effectuate the findings of his predecessor is purely ministerial. In the large sense that is true, but, as we see it, the judge entering the judgment must exercise his own discretion to see that the judgment which he signs expresses and embodies the full force and effect of the findings and conclusions made by his predecessor, and no more. In that sense, he is exercising a discretion as to his present act only, and not at all as to any act of the preceding judge.

The writ will issue directing the respondent judge to proceed in accordance with the views herein expressed.

BEALS, C. J., MAIN, BLAKE, and PARKER, JJ., concur.