[No. 24766.   Department Two.   January 11, 1934.]

WELDON WILSON *et al., Appellants,* v. DOMINIC ANGELO *et al., Respondents.*[1]

[1]Reported in 28 P. (2d) 276.

*Cox, Martin & Ware, Homer L. Post,* and *Cunningham, Grant & Cunningham,* for appellants.

*C. A. McCabe,* for respondents.

BLAKE, J.—In 1921, the state supervisor of hydraulics, pursuant to Rem. Rev. Stat., § 7364, filed in the superior court of Asotin county a statement of facts, with plan and map, for the purpose of determining rights to the use of the waters of Alpowa creek. A summons was issued, in accordance with Rem. Rev. Stat., § 7365, directed to all persons known to be claimants of the right to the use of the water of the creek. The plaintiffs and defendants in this action (or their predecessors in interest) filed verified statements, in accordance with the provisions of Rem. Rev. Stat., § 7367.

The proceeding was then referred to the state hydraulic engineer, in compliance with Rem. Rev. Stat., § 7369, who held a hearing under authority of Rem. Rev. Stat., § 7370. Thereafter, pursuant to Rem. Rev. Stat., § 7372, he filed a transcript of the testimony taken at the hearing, together with his report and findings. After notice given and hearing had, in conformity with Rem. Rev. Stat., §§ 7372 and 7373, the superior court of Asotin county entered a decree by which it adopted the findings of fact and conclusions of law contained in the report of the hydraulic engineer, and adjudicated the rights of all parties to the use of the waters of Alpowa creek.

By this decree, the lands now owned by the defendants were placed in *Class One,* and the lands now owned by plaintiffs were placed in *Class Six.* The rights of property in *Class One* originated in 1877, by diversion of the waters through what was known as the Houser ditch. By the terms of the decree, the lands under this ditch were entitled to the prior use of the

water of the creek, to the extent of 4.505 second feet, over lands in all other classes. Appeal was taken from the decree so entered to this court, and was by it in all respects affirmed. *In re Alpowa Creek,* 129 Wash. 9, 224 Pac. 29.

Thereafter, on the 21st of October, 1926, there was issued to the plaintiff Weldon Wilson a certificate of water right under authority of Rem. Rev. Stat., § 7382. This certificate of water right was for not to exceed two cubic feet per second, to be used on lands now owned by all the appellants.

Conceiving that the decree in the case of *In re Alpowa Creek, supra,* limited the rights of all parties to use the waters of the creek for irrigation purposes to the period between April 15th and September 15th of each year, the plaintiffs brought this action to enjoin defendants from interfering with their (plaintiffs') diversion of the waters of the creek to the extent of two second feet between September 15th and the following April 15th. From a judgment dismissing the action, plaintiffs appeal.

The theory of appellants, as we understand it, has a double aspect: (1) That the decree limited the use of the waters by respondents for irrigation to the period April 15th to September 15th; that, consequently, the waters of the creek for the period between September 15th to April 15th were public waters, subject to appropriation; that, by virtue of the certificate of water right issued to Weldon Wilson, appellants, during the latter period, are entitled to the prior use of the waters of the creek to the extent of two second feet. (2) That, if the court did not adjudicate the irrigation season to be between the dates of April 15th and September 15th, then it should have done so, and the matter should be rereferred to the hydraulic engineer for determination of the irrigation season and "to finally

fix and determine said rights and priorities to the waters of Alpowa creek." We shall first discuss this latter aspect of appellants' contention.

■ This is not an action brought under the water code. This is a suit in equity to enforce rights claimed under a judgment of the superior court of Asotin county. True, that judgment was entered in a proceeding authorized by the water code. But when that judgment was entered and affirmed by this court, the jurisdiction of the hydraulic engineer came to an end, except for the administrative duties imposed on him by the water code pertaining to the enforcement of the decree. We find no authority, either in the water code or in the decisions of this court, authorizing the reference of any case to the hydraulic engineer, except one initiated in the manner provided by Rem. Rev. Stat., § 7364.

Taking the water code as a whole, its very purpose is to settle and determine all rights and priorities to the use of the water under investigation. By its terms, the judgment is designed to be a final adjudication of the rights of all parties. Claimants are required to file verified statements of the nature of the right or use on which their claim is based, and the amount of water claimed and used. Rem. Rev. Stat., § 7367. And a defendant, served with summons in the proceedings, who defaults is "estopped from subsequently asserting any right to the use of such water embraced in the proceeding, except as determined by such decree." Rem. Rev. Stat., § 7375.

So we conclude that appellants in this action can be afforded only such relief as will protect them in their rights under the decree entered in the case of *In re Alpowa Creek, supra.*

■ This brings us to a consideration of the first aspect of appellants' contention The court may de-

termine the time or period of use, as well as the priority and amount of use, of water. *Helensdale Water Co. v. Blew,* 146 Wash. 350, 262 Pac. 958. That is an issue which is necessarily presented in proceedings under the water code. Rem. Rev. Stat., §§ 7364, 7365, 7367. The appellants contend that the decree in *In re Alpowa Creek, supra,* did determine the period of use of water for irrigation to be from April 15th to September 15th. In determining whether this be so, it will be necessary to consider in some detail the decree and report of the hydraulic engineer in that proceeding.

The report is divided under nine principal captions: (1) Preliminary Proceedings; (2) Hearing; (3) General Physical and Hydrographic Findings; (4) Irrigation Season; (5) Duty of Water; (6) Duty of Water for Irrigation in Alpowa Creek Valley; (7) Legal Measurements of Water; (8) Findings of Fact; and (9) Conclusions of Law. Under the caption, Irrigation Season, is the following:

"Under ordinary circumstances the irrigation season extends from April 15th to September 15th. It is our belief that water can be beneficially applied to the lands fifteen days earlier than the date shown as the beginning of the irrigation period."

Following the contents of the report contained under the seventh caption, the referee continues:

"Now, therefore, I, Marvin Chase, State Supervisor of Hydraulics, as Referee aforesaid, having carefully examined the testimony and evidence introduced at said hearing, and having investigated the said stream and the physical conditions in and surrounding the same, do hereby make the following findings of fact . . ."

Then follow six formal findings of fact, after the last of which the report proceeds as follows:

"From the foregoing findings of fact the Referee makes the following conclusions of law . . ."

The conclusions of law provide for the priorities, extent of use, duty of water and administration of water.

The decree of the court contains the following:

"That the findings of fact and conclusions of law by the referee in his report be and they are hereby adopted and confirmed as the findings of fact and conclusions of law of this court, except as in this decree specifically modified."

The decree thereupon proceeds to fix the rights and priorities of the users of waters in accordance with the formal findings of fact made by the referee.

It is contended by the appellants that the contents of the report contained under the caption, Irrigation Season, hereinbefore set out, became a part of the decree by reference and adoption. In support of this contention, they cite the case of *Helensdale Water Co. v. Blew,* 146 Wash. 350, 262 Pac. 958. We do not think that case supports their contention. The court there had under consideration a decree of the superior court of Okanogan county, in which was incorporated a finding fixing the irrigation season as the months of May, June, July and August. This finding was a part of the decree itself. Of course, the court may adopt portions of a referee's report by reference, and thereby make them findings of the court. *State ex rel. Bloom v. Superior Court,* 171 Wash. 536, 18 P. (2d) 510. But the findings of the referee in such cases will become findings of the court only to the extent that there appears a clear intention to make them such.

Had the referee's report in *In re Alpowa Creek* not been segregated under different captions in the manner it was, then it might well have been contended that the court intended to, and did, by reference, make the

whole of the report the findings of the court. But the referee having incorporated within his report formal findings of fact and conclusions of law, we think the above quoted portion of the decree cannot be construed as an adoption of the referee's report as the findings of the court beyond such formal findings and conclusions. Neither these nor the decree limited the use of the water to any particular irrigation season.

But appellants say that the supervisor of hydraulics, in issuing certificates of right to diversion under Rem. Rev. Stat., § 7377, construed the decree in accordance with their contention. The certificates provided for the use of the water for irrigation from May 15th to September 15th. While this apparent interpretation of the decree by the department is entitled to consideration, we cannot accept it as conclusive, because we think it is in conflict with the plain import of the decree itself. Nor do we think that respondents, by accepting the certificate as prepared by the supervisor, are estopped from asserting their rights under the decree. The certificate could in no wise enlarge or constrict the scope of the decree.

It is further suggested that the respondents have acquiesced in the appellants' use of the water between September 15th and April 15th for a period of seven years. Whether this suggestion is made on the theory of estoppel or of the maturity of a prescriptive right, is not entirely clear. If it is the latter, the statement of the proposition (use by acquiescence) denies the right. As to the former, we find no element of estoppel. On the contrary, it is plain from the record that the respondents have asserted the same right to the use of the water as is asserted by appellants, namely, to divert it for irrigation purposes subsequent to September 15th and prior to April 15th.

It is also suggested that respondents have interfered with appellants' rights to the use of water of the stream for domestic purposes. We find nothing in the record that would warrant a finding that respondents have used water in quantity or in manner beyond their rights as fixed in the decree.

Judgment affirmed.

BEALS, C. J., TOLMAN, GERAGHTY, and HOLCOMB, JJ., concur.

[1]Reported in 28 P. (2d) 272.