## ST. JOHN v. ARCHER et al.

### No. 10840.

Court of Civil Appeals of Texas. San Antonio.

Jan. 22, 1941.

Rehearing Denied Feb. 12, 1941.

Crane & Glarner, of Raymondville, and Arthur A. Klein, of Harlingen, for appellant.

B. D. Kimbrough, of McAllen, for appellees.

MURRAY, Justice.

Mrs. Alice St. John, administratrix of the estate of A. D. Struthers, deceased, instituted this suit on February 10, 1939, in the County Court of Willacy County, against E. W. Archer seeking to recover the amount of principal, interest and attorney's fees alleged to be due on one certain promissory note in the principal sum of $503.35, dated April 2, 1934, due thirty days after date, payable to A. D. Struthers, signed by E. W. Archer, and providing for 10% interest and 10% attorney's fees.

Archer answered with a general demurrer, general denial, a plea of limitation, and also interpleaded Mrs. Henrietta Kinser, who, it was alleged, was asserting title to the note in suit. Mrs. Kinser answered alleging that A. D. Struthers had given her the note in suit during his lifetime and that she was the legal owner and holder of the note and entitled to recover thereon.

The trial was to a jury, but after hearing evidence the trial judge granted Mrs. Henrietta Kinser's motion for an instructed verdict, and upon such verdict proceeded, on the 24th day of November, 1939, to render judgment to the effect that Mrs. Alice St. John, administratrix, recover nothing and that Mrs. Henrietta Kinser recover from E. W. Archer the sum of $860, being the amount of the principal, interest and attorney's fees due on the note.

Mrs. Alice St. John, administratrix, filed a formal motion for a new trial and on December 19, 1939, filed an amended motion for new trial, which was granted, a new trial ordered, and the cause restored to its place on the docket for trial at the next regular term of the court.

All of the above proceedings were had before the regular County Judge of Willacy County, Honorable Charles R. Johnson. On December 24, 1939, Judge Johnson left the County for the holidays and never returned to the County until January 1, 1940. On December 30, 1939, Honorable Kennedy Smith was elected special County Judge of Willacy County and heard the motion of Henrietta Kinser to vacate the order of December 23, 1939, granting Mrs. St. John, administratrix, a new trial. This motion was granted by the special

judge and the amended motion for a new trial overruled, from which action and judgment Mrs. St. John, as such administratrix, and E. W. Archer have prosecuted this appeal.

We are met at the threshold of this case with the question of whether the special judge had jurisdiction, under all of the circumstances, to set aside the order of the regular judge granting a new trial.

█ █ It is clear that a judge who enters an order or a judgment ordinarily retains jurisdiction over such order or judgment until the end of the term, or until such judgment passes beyond his control by reason of some other provision of the statute and he may change, amend or set aside such an order or judgment without hearing further evidence, and even upon his own motion. But his successor in office, or a special judge selected to act in his place and stead, does not have such control of orders and judgments rendered by such prior judge. It would seem that if the first judge had jurisdiction to render such order or judgment, that such succeeding or special judge would not have jurisdiction to change, amend or set aside such order. Staples v. Callahan, Tex.Civ.App., 138 S.W. 2d 206; State ex rel. Bloom v. Superior Court, 171 Wash. 536, 18 P.2d 510; State ex rel. Nelson v. Superior Court, 184 Wash. 97, 49 P.2d 903, 54 P.2d 1215.

█ In the case at bar complaint is made that appellant's amended motion for a new trial was not placed upon the motion docket, a copy was not filed for use by Henrietta Kinser, and neither Henrietta Kinser nor her counsel were notified of the filing of the amended motion for a new trial, or the time that it would be heard. The failure to do any one of the three things complained of would not deprive the regular judge of jurisdiction to hear and determine the motion. The matter of a new trial is directed to the discretion of the trial judge and may be granted upon his own motion. McCurley v. Texas Ins. Co., Tex.Civ.App., 62 S.W.2d 992; Ellis v. Jefferson Ins. Co., Tex.Civ.App., 99 S.W.2d 953. The regular judge had jurisdiction to make the order granting a new trial and the special judge had no authority to set such order aside and enter a different order.

The special judge in effect reviewed the action of the regular judge, found error therein, and on account of such error set aside the order of the regular judge and proceeded to enter that order which in his opinion should have been entered by the regular judge. When he did so he exercised appellate jurisdiction rather than trial jurisdiction.

The order of the special judge being improperly made leaves the order of the regular judge granting a new trial in full force and effect, and thus there was no valid order in the case from which an appeal could be taken. The case, therefore, now stands upon the docket of the County Court of Willacy County subject to trial.

The holding we have above made precludes us from passing upon any other questions presented. The judgment will be reversed and the cause remanded for a new trial.