[No. 7199–1–II.   Division Two.   December 26, 1985.]

TACOMA RECYCLING, INC., *Respondent,* v. CAPITAL
MATERIAL HANDLING Co., *Appellant.*

*A. Peter Parsons* and *Weinrich, Gilmore & Adolph,* for
appellant.

*Murray J. Anderson* and *Anderson & Anderson,* for
respondent.

REED, J.—Capital Material Handling Company (CMH)
appeals from a Pierce County Superior Court judgment in
favor of Tacoma Recycling, Inc. (TRI), entered June 24,
1983. We vacate the judgment and remand for new trial.

CMH failed to appear at trial on TRI's breach of con-
tract action in 1980. Utilizing CR 40(a)(5) because of
CMH's failure to appear, TRI presented its case and
obtained a money judgment against CMH. CMH appealed

the trial court's decision. On April 11, 1983, Division One of this court held:

> [TRI's] failure to give 5 days' notice of the content of the proposed findings and conclusions pursuant to CR 52(c) was error and requires that the findings of fact, conclusions of law and judgment be vacated.

*Tacoma Recycling, Inc. v. Capitol Material Handling Co.,* 34 Wn. App. 392, 396, 661 P.2d 609 (1983).

The case was remanded for a ruling on CMH's motion for a new trial. In the interim, however, the trial judge had retired from the bench. On June 24, 1983, his replacement denied CMH's motion for a new trial, adopted in toto the original findings of fact and conclusions of law, and entered the judgment from which CMH appeals.

■ It is well settled Washington law that a successor judge is without power to enter findings of fact on the basis of testimony heard by his predecessor. *Svarz v. Dunlap,* 149 Wash. 663, 665–66, 271 P. 893 (1928); *In re Woods,* 20 Wn. App. 515, 516, 517, 581 P.2d 587 (1978); *Wold v. Wold,* 7 Wn. App. 872, 877, 503 P.2d 118 (1972). If the successor must enter conclusions of law only, he is free to act. *Hawley v. Priest Rapids Ice & Cold Storage Co.,* 172 Wash. 71, 72–73, 19 P.2d 400 (1933); *State ex rel. Wilson v. Kay,* 164 Wash. 685, 690–91, 4 P.2d 498 (1931).

*State ex rel. Bloom v. Superior Court,* 171 Wash. 536, 18 P.2d 510 (1933) does not support TRI's position. The *Bloom* decision recognized the general rule, but reached a different result because the successor judge in that case merely entered judgment on the formal findings of fact actually made and filed by his predecessor. *Bloom,* 171 Wash. at 540–41.

Nor can TRI take any comfort in *Shephard v. Gove,* 26 Wash. 452, 67 P. 256 (1901). In *Shephard,* the court simply affirmed the authority of a successor judge to arrive at a conclusion of law—the applicability of a statute of limitations defense—different from that which his predecessor had reached on demurrer. *Shephard,* 26 Wash. at 454.

TRI argues that the successor judge need be disqualified

to enter findings of fact only when he must resolve conflicting or disputed testimony that was presented before his predecessor, and not when, as here, the evidence was admitted under CR 40(a)(5). Again, the authorities cited by TRI do not support this proposition, and we have found none that do, except for some federal decisions antedating the adoption by the federal courts of rule 63 of the Federal Rules of Civil Procedure. *See* Annot., *Power of Successor or Substituted Judge, in Civil Cases, To Render Decision or Enter Judgment on Testimony Heard by Predecessor*, 22 A.L.R.3d 922, 925 (1968).

In this connection we note that CR 63, which is a mirror image of Fed. R. Civ. P. 63, reads as follows:

> If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after a verdict is returned or findings of fact and conclusions of law are filed,* then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

(Italics ours.) CR 63.

CR 63 is unambiguous in this context,[1] and clearly reflects a decision to adhere to the long–standing Washington rule. Federal courts have long interpreted Fed. R. Civ. P. 63 in a like manner. *See, e.g., Arrow–Hart, Inc. v. Philip Carey Co.,* 552 F.2d 711, 713 (6th Cir. 1977); *Ten–O–Win Amusement Co. v. Casino Theatre,* 2 F.R.D. 242, 243 (N.D. Cal. 1942). In light of Fed. R. Civ. P. 63, the general rule in federal courts is that a successor judge has power to enter

---

[1]We stress the limited context in which we construe CR 63. We have noted, but have elected not to address, the arguable ambiguity between CR 63 and CrR 6.11(a) which permits a successor judge to assume full responsibility at any stage, "upon familiarizing himself with the record of the trial." For an interesting analysis of a similar discrepancy between Fed. R. Civ. P. 63 and Fed. R. Crim. P. 25(a), and a strict interpretation of Fed. R. Civ. P. 63, see *Whalen v. Ford Motor Credit Co.,* 684 F.2d 272 (4th Cir.), *cert. denied,* 459 U.S. 910, 74 L. Ed. 2d 172, 103 S. Ct. 216 (1982).

conclusions of law only, and a finding of fact can be made only on the basis of a new trial. *See Lien Ho Hsing Steel Enter. Co. v. Weihtag,* 738 F.2d 1455, 1460–61 (9th Cir. 1984).

Clearly, the successor judge had no authority to enter findings of fact at all. Just as clearly, the original judge's findings cannot aid TRI. Division One's vacation of those findings rendered them completely nugatory; they must be treated as if they never had been entered. Because the successor judge simply adopted those findings as his own without a new trial, they likewise must be vacated.

Because our resolution of the dispositive issue mandates a new trial, we do not reach several other issues raised by the parties.

TRI's motion to dismiss the appeal is denied, the findings of fact, conclusions of law and judgment are vacated and the matter is remanded for a new trial.

WORSWICK, C.J., and ALEXANDER, J., concur.