[No. 29082-7-I.    Division One.    May 11, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. ALEXANDER BRYANT, *Appellant*.

*Andrew P. Stanton* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cecile Dykas* and *Greg Hubbard, Deputies,* for respondent.

PER CURIAM. — Alexander Bryant sought accelerated review of the manifest injustice disposition entered in juvenile court on August 12, 1991, following his plea of guilty to two counts of theft. A commissioner of this court struck the findings of fact and conclusions of law and remanded for sentencing within the standard range. The State moved to modify that ruling. We reverse and remand for resentencing.

Bryant was charged with two counts of theft in the third degree for incidents which occurred on January 11, 1991, and July 18, 1991. In each case, Bryant fished money out of

a parking lot payment box as an adult codefendant stood by as a lookout.

The disposition hearing was held before Judge Terrence Carroll[1] on August 12, 1991. The State and Bryant's counsel recommended a disposition within the standard range of 8 to 12 weeks' commitment. There was information before the court that Bryant habitually engages in this conduct and that he uses the money to support his drug and alcohol habits. The caseworker recommended that the court find a manifest injustice and impose 21 to 28 weeks' commitment. Her recommendation was based upon the fact that Bryant had a serious drug and alcohol problem, that he had not benefited from numerous opportunities for treatment within the community and that he needed longer-term commitment with treatment. Bryant had never completed a probationary period without reoffending.

Judge Carroll found a manifest injustice and imposed a commitment of 21 to 28 weeks. At the end of his oral decision, Judge Carroll directed the State to prepare written findings consistent with his oral decision.

On December 2, 1991, findings of fact and conclusions of law in support of the disposition were signed by Commissioner Maurice Epstein.

Bryant appealed the disposition on the grounds that findings and conclusions had not been entered, that the reasons did not support a manifest injustice finding and that the disposition was clearly excessive. Counsel for Bryant also moved to strike the findings and conclusions on the ground that the findings and conclusions were not timely entered and that the Superior Court no longer had jurisdiction.

A commissioner of this court granted the motion for accelerated review, struck the findings and conclusions and remanded for imposition of a disposition within the standard range because (1) the findings and conclusions were not a completely accurate rendition of Judge Carroll's oral

---

[1]Judge Terrence Carroll has since retired from the bench.

disposition and contained information which was not in the record before this court,[2] and (2) the findings were signed by Commissioner Epstein rather than Judge Carroll. The State moved to modify the commissioner's ruling.

The dispositive issue in this case is whether the findings of fact and conclusions of law on the manifest injustice disposition must be stricken because they were signed by a judge other than the disposition judge.

■ The rule is well settled that a successor judge is without authority to enter findings of fact on the basis of testimony heard by a predecessor judge. *Tacoma Recycling, Inc. v. Capital Material Handling Co.*, 42 Wn. App. 439, 711 P.2d 388 (1985) (successor judge following a remand was without authority to adopt the findings and conclusions of original judge); *In re Woods*, 20 Wn. App. 515, 581 P.2d 587 (1978) (termination of parental rights remanded for entry of additional findings; new trial will be required if the trial judge has left the bench); *Wold v. Wold*, 7 Wn. App. 872, 503 P.2d 118 (1972) (findings of fact in dissolution were inadequate; new trial required because trial judge was no longer on the bench).

The rule is applied even where the prior judge had entered an oral decision, *State ex rel. Wilson v. Kay*, 164 Wash. 685, 4 P.2d 498 (1931), or a memorandum decision. *Hawley v. Priest Rapids Ice & Cold Storage Co.*, 172 Wash. 71, 19 P.2d 400 (1933). In *Wilson*, trial was completed and the judge entered an oral decision of judgment for the plaintiff. The trial judge died before findings and conclusions were entered. The plaintiff sought entry of findings and conclusions by a successor judge. The successor judge signed the findings over the defendant's objection. On appeal, the

---

[2]Finding of fact 3 lists 30 incidents of Bryant's criminal history. The commissioner noted that the information contained in this finding was not in the record before the appellate court. As the State pointed out in its motion to modify, the information was listed on the second page of the plea form which Judge Carroll signed, even though there were no dates attached to the list of prior offenses. With the motion to modify, the State also provided a "Juvenile Offender Status Sheet" which lists all of Bryant's prior contacts.

court held that the successor judge was without authority to enter findings of fact. The court noted that an oral decision is not final and that findings of fact by a judge take the place and have the effect of a jury verdict.

This case law is consistent with the applicable court rules. CR 63 provides:

> **(b) Disability of a Judge.** If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after a verdict is returned or findings of fact and conclusions of law are filed,* then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

(Italics ours.)

CrR 6.11, the related criminal rule, provides:

> **(a) Disability of Judge During Jury Trial.** If, before the judge submits the case to the jury, he is unable to continue with the trial, any other judge assigned to or regularly sitting in the court, upon familiarizing himself with the record of the trial, may proceed with the trial. Upon defendant's objection to the replacement, a mistrial shall be granted. If, after the judge submits the case to the jury, he is unable to continue, the case shall proceed before another judge.
>
> **(b) Disability of Judge During Nonjury Trial.** If a judge before whom trial without jury has commenced is unable to proceed with the trial, a mistrial shall be granted.

Taken together, the case law and civil and criminal rules set forth the rule that a successor judge only has the authority to do acts which do not require finding facts. Only the judge who has heard evidence has the authority to find facts.

There are no juvenile cases which discuss this issue, but the cases in related areas are not inconsistent with the above rule. In *State v. Soto*, 45 Wn. App. 839, 727 P.2d 999 (1986), the court held that imposition of a juvenile disposition by a different judge than the one who conducted the

trial and entered the finding of guilt did not violate RCW 2.28.030(2).[3] The court held that RCW 2.28.030 requires only that the particular matter disposed of by a judge shall have been submitted to him according to law. In *Soto* there was no allegation that imposition of the sentence was not properly submitted to the sentencing judge. *Accord, State v. Bowen*, 12 Wn. App. 604, 531 P.2d 837 (1975). *See also State v. Young*, 63 Wn. App. 324, 818 P.2d 1375 (1991) (following retrial and conviction the judge did not err in adopting the same restitution order imposed by the original trial judge).

There is no indication in the record as to the procedure used by Commissioner Epstein, *i.e.*, whether he reviewed the evidence presented at the disposition hearing or Judge Carroll's oral decision, or whether he merely signed the findings and conclusions as presented by the State. Commissioner Epstein, however, was without authority to sign the findings and conclusions under any procedure.

We therefore strike the findings of fact and conclusions of law. We disagree with the commissioner's determination that Bryant must now be sentenced within the standard range and remand to the juvenile court for entry of findings and conclusions by the disposition judge or for a new disposition hearing.

---

[3]RCW 2.28.030(2) provides:

"A judicial officer is a person authorized to act as a judge in a court of justice. Such officer shall not act as such in a court of which he is a member in any of the following cases:

" . . . .

"(2) When he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision."