FILED
COURT OF APPEALS
DIVISION II

2014 JUN -3 AM 8: 36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44707-0-II |
| Respondent, | |
| v. | |
| IVAN PRIETO, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J.—Ivan Prieto appeals the sentence imposed following his conviction for second degree assault.[1] He argues that (1) the sentencing court's judgment and sentence mistakenly imposed a sentence enhancement instead of an exceptional sentence, and (2) the sentencing court did not make the required findings of fact and conclusions of law in support of Prieto's exceptional sentence. We agree and remand for correction of the judgment and sentence and entry of findings supporting the exceptional sentence.

## FACTS

Prieto and his brother got into a verbal confrontation with another man. Chase Maarhuis approached the men and asked them to take their fight elsewhere. Prieto responded by punching Maarhuis in the head.

The State charged Prieto with second degree assault. It also alleged as a ground for an exceptional sentence that Prieto committed the offense against a victim who was acting as a Good Samaritan. After a trial before Judge Haan, the jury found Prieto guilty as charged. It also

---

[1] Prieto does not appeal the sentence imposed for his fourth degree assault conviction.

found that Prieto had committed the assault against a victim who was acting as a Good Samaritan.

Judge Warning sentenced Prieto. The standard sentence range for Prieto's conviction was 6 to 12 months of confinement. The State asked for an additional 24 months of confinement because of the finding that Prieto had assaulted a Good Samaritan. In oral findings, Judge Warning agreed and added 24 months of confinement to a mid-range sentence of nine months, for a total of 33 months of confinement. However, Judge Warning mistakenly stated on Prieto's written judgment and sentence that he was imposing a 24-month sentence *enhancement* rather than a 24-month exceptional sentence. Further, he did not enter findings of fact and conclusions of law supporting entry of an exceptional sentence.

Two weeks later, Judge Haan entered Findings of Fact and Conclusions of Law For an Exceptional Sentence, finding that (1) the jury's special verdict that Prieto had committed his assault against a victim who was acting as a Good Samaritan was sufficient cause to impose an exceptional sentence under RCW 9.94A.535(3)(w), and (2) an exceptional sentence was appropriate. Prieto appeals.

## ANALYSIS

A.    EXCEPTIONAL SENTENCE

Prieto argues and the State concedes that Judge Warning's written judgment and sentence erroneously imposed a 24-month sentence enhancement rather than a 24-month exceptional sentence. We agree. However, we reject Prieto's argument that this error requires us to strike the excess 24 months from his sentence. It appears that Judge Warning simply made an inadvertent clerical error. As a result, the proper remedy is to remand to the sentencing court to

2

correct the error. *See In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701, 117 P.3d 353 (2005).

We remand for Judge Warning to correct the judgment and sentence to reflect the imposition of an exceptional sentence rather than a sentence enhancement.

B.    ENTRY OF FINDINGS AND CONCLUSIONS

Prieto argues that the trial court erred because Judge Warning failed to make required findings of fact and conclusions of law justifying the exceptional sentence. We agree.

RCW 9.94A.537(6) requires that before imposing an exceptional sentence based on a jury's finding of an aggravating circumstance under RCW 9.94A.535(3), the court must "find[], considering the purposes of [chapter 9.94A RCW], that the facts found are substantial and compelling reasons justifying an exceptional sentence." Judge Warning failed to make this required finding.

Further, RCW 9.94A.535 requires the court to enter findings of fact and conclusions of law supporting the imposition of an exceptional sentence. After Judge Warning sentenced Prieto, *Judge Haan*, entered the findings of fact and conclusions of law supporting the exceptional sentence. However, Judge Haan was not the sentencing judge. Because it was Judge Warning who imposed the exceptional sentence he, rather than Judge Haan, was required to enter the findings of fact and conclusions of law supporting the imposition of the exceptional sentence. *See State v. Bryant*, 65 Wn. App. 547, 449-51, 829 P.2d 209 (1992).

The remedy for a sentencing court's failure to enter findings of fact and conclusions of law supporting an exceptional sentence is a remand for entry of findings. *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 311, 979 P.2d 417 (1999). The same remedy applies when an

3

44707-0-II

unauthorized judge enters the findings and conclusions. *Bryant*, 65 Wn. App. at 551. We remand for Judge Warning to enter the findings and conclusions required by RCW 9.94A.537(6) and RCW 9.94A.535.

We remand for correction of the judgment and sentence to reflect an exceptional sentence rather than a sentence enhancement and for entry of findings supporting the exceptional sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
LEE, J.

_____
MELNICK, J.

4