ARROW–HART, INC., a Kentucky Corporation, Plaintiff,

v.

COVERT HILLS, INC., et al., Defendants.

Civ. A. No. 1692.

United States District Court, E. D. Kentucky, Covington Division.

May 6, 1976.

O'Hara, Ruberg & Cetrulo, Covington, Ky., for plaintiff.

William Bertelsman, John Bankemper, Newport, Ky., Brown, Sledd & McCann, Lexington, Ky., Robert T. Keelar & Joseph Parker, Cincinnati, Ohio, Adams, Brooking & Stepner, Covington, Ky., Marvin Kleinman, W. Roger Fry, William B. O'Neal, Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION

SILER, District Judge.

This matter came before the Court at a pre-trial conference for the determination of several issues and the Court has resolved the issues by separate order filed previously. This memorandum indicates the reasons for the Court's prior rulings.

This is a diversity case involving a breach of contract arising out of a roof installed on a building in Boone County, Kentucky, originally costing almost one million dollars. It is an old case, arising out of events which occurred in 1967–1969. It was filed on November 21, 1972, in this Court, and tried without a jury by Judge Mac Swinford in 1974, beginning on March 18, and concluding on October 8, 1974, not continuous, but lasting nineteen trial days. At the end of the testimony, Judge Swinford ordered that when the transcript of the trial was completed, the parties were placed on time within which to file their briefs. After the transcript was prepared, but before all briefs were filed, Judge Swinford died in February, 1975, without having made any findings of fact or conclusions of law.

The parties at the pre-trial conference estimated that, in addition to the nineteen days of trial, there were some eighteen days of depositions taken and the transcript of the trial is about 5,000 pages long. The parties also indicated that if a subsequent trial was necessary, they would expect to use the same witnesses that testified at the prior trial, thus a second trial would be expected to last as long as the first.

The parties here, with the exception of the defendant, Philip Carey Company, have moved the Court as follows:

1. To decide the case on the transcript of the former trial without necessitating another trial.

2. If there has to be a second trial, to allow transcripts from the prior trial to be used the same as depositions of witnesses who otherwise qualify, that is, under Rule 32(a)(3), Federal Rules of Civil Procedure, where they either live outside the Eastern District of Kentucky, or reside one hundred miles from the place of holding the trial, or cannot be procured otherwise by the parties.

3. If a second trial is necessary, to allow the same witnesses to adopt their prior transcribed testimony by reference in accordance with Rule 803(5) or (24), Federal Rules of Evidence, limiting cross-examination to any new matters raised.

The Court will attempt to consider these one at a time. Since this decision is supported by an order not otherwise appealable, as it is interlocutory in nature, the Court is of the opinion that the order involves controlling questions of law as to which there is substantial ground for difference of opinion, and, therefore, an immediate appeal from the order may materially advance the ultimate termination of the litigation, so an appeal should be pursued in accordance with 28 U.S.C. § 1292(b).

On the first issue, as to whether the Court can consider the matter on the transcripts of the previous trial before the late Judge Mac Swinford, plus hearing any oth-

er testimony any of the parties might want to add to the previous trial, the Court is of the opinion that Rule 63, Federal Rules of Civil Procedure, applies where it states:

If by reason by death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

The undersigned Judge is satisfied that he can render judgment on the prior transcript and upon any additional testimony that may be presented, but he feels that he has no discretion in the matter. Since Rule 63 specifies that a new Judge may act where the previous Judge had already made findings of fact and conclusions of law, it follows that if the prior Judge had not made those findings and conclusions, then a new trial is required.

A case in point is *Bromberg v. Moul*, 275 F.2d 574 (2d Cir. 1960), where the Judge who tried the case without a jury died without making his findings of fact and conclusions of law. The successor Judge acted solely on the basis of the trial record and granted summary judgment. Since there were genuine issues of material fact involved, the Court held that summary judgment was inappropriate and Rule 63 would not apply where the trial Judge had not made findings of fact or conclusions of law. *Accord, Brennan v. Grisso*, 91 U.S. App.D.C. 101, 198 F.2d 532 (1952); *cf. Havey v. Kropp*, 458 F.2d 1054 (6th Cir. 1972).

The defendant, Fisk, Rinehart & Hall, McAllister, Stockwell, urges that *Group Association Plans, Inc. v. Colquhoun*, 151 U.S. App.D.C. 298, 466 F.2d 469 (1972); *Frank Adam Electric Co. v. Colt's Patent Firearms Manufacturing Co.*, 148 F.2d 497 (8th Cir. 1945); and *Petition of Garcia*, 65 F.Supp.

143 (W.D.Pa.1946), require an opposite holding, that is, that this Court has the discretion to consider the matter based upon the prior transcript. However, those cases are unique in their decisions and are not controlling here. In *Group Association*, the prior Judge had made specific findings of fact and conclusions of law and the successor Judge was directed by the Court of Appeals to make other supplemental findings and legal determinations, if they could be made on the record.

Moreover, in *Frank Adam Electric Co.*, the parties stipulated that the evidence taken before the prior Judge (who died before any findings were made) could be presented to a Special Master for a decision upon the record. This Court finds that if all the parties would agree and stipulate that the matter could be decided on the record, that is a procedural solution. See *Stoltzfus v. United States*, 264 F.Supp. 824 (E.D.Pa. 1967), *aff'd*, 398 F.2d 1002 (3d Cir. 1968), *cert. denied*, 393 U.S. 1020, 89 S.Ct. 627, 21 L.Ed.2d 565 (1969). But, of course, all parties here have not agreed to this possible procedure.

In *Petition of Garcia*, the law appears contrary to this decision, so the Court finds it not to be persuasive. It was a naturalization proceeding, only involved a change of name, and was apparently never appealed.

The Court sustained the motion to use transcripts in lieu of depositions where the witness comes under the qualifications of Rule 32(a)(3) for the use of depositions. Defendant Philip Carey Co. urges that most of these witnesses are expert witnesses and are really not "unavailable" to the other parties, even if they live outside the Eastern District of Kentucky, or more than one hundred miles from Covington, where the trial is to be held. In support of its position, it cites *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529 (2d Cir. 1972), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2753, 37 L.Ed.2d 156 (1973), but that case did not reverse the lower court where such expert testimony was allowed to be presented by transcript from another court.

Instead, this Court follows the rule from *Castilleja v. Southern Pacific Company*, 445 F.2d 183 (5th Cir. 1971), that testimony from a prior trial may be admitted into evidence the same as a deposition. See also *Hertz v. Graham*, 23 F.R.D. 17 (S.D.N.Y.1958).

With regard to the third issue, to allow the witnesses to adopt their prior testimony by reference, the Court is of the opinion that this is just another way of undermining its ruling that a new trial is required. The Court will allow a witness to read the prior testimony into evidence if that witness lays a foundation in accordance with Rule 803(5), Federal Rules of Evidence, but it will not restrict cross-examination, since this will be a new trial. Moreover, Rule 803(24) was not intended to cover such a situation where the declarant is available but the parties just do not wish to repeat the testimony from previous trial. One reason advanced why a new trial is required if the prior Judge dies before making findings of fact and conclusions of law is that the successor Judge cannot determine the credibility of the witnesses by reading a transcript. If the law precludes this Court from considering this case on the entire transcript, then a circumvention of that rule by the use of Rule 803(24) could not be countenanced.