[No. 38210-1-I. Division One. May 18, 1998.]

DGHI ENTERPRISES, *Appellant*, v. PACIFIC CITIES, INC., ET AL., *Respondents*.

Robert S. *Klein* of *Sonkin & Klein*, for appellant.

Joel E. *Wright* of *Lee, Smart, Cook, Martin & Patterson, P.S., Inc.*; and William R. *Hickman* and John P. *Erlick* of *Reed McClure*, for respondents.

ELLINGTON, J. — A successor judge cannot ordinarily enter findings of fact or conclusions of law based on evidence heard by a predecessor. In this case, however, the trial judge clearly and on the record adopted the findings and conclusions at issue. The act of the successor judge in entering them was therefore ministerial.

Judge McCutcheon conducted the trial in this case. He granted dismissal of certain claims and expressed his intention to adopt certain proposed findings and conclusions. He ordered a prevailing party to conform those proposed findings and conclusions to the oral ruling. Written objections were then filed, and at a later hearing, he heard and ruled

on the objections. The findings were not then signed, however, because the parties were resolving an ancillary attorney fee issue. Judge McCutcheon died two days before that issue was scheduled to be resolved. Under these peculiar facts, it was not error for a successor judge to sign and enter the findings.

## Facts

DGHI Enterprises sued Pacific Cities Sportswear Inc. for damages stemming from breach of a commercial lease. DGHI asked the court to disregard PCSI's corporate form and impose personal liability on Richard Evans and John Taylor, two of PCSI's shareholders. DGHI also sought attorney fees, which were authorized by the lease. The case was tried to Judge James McCutcheon. At the close of the plaintiff's case, Judge McCutcheon granted defendants' CR 41(b)(3) motion for dismissal, rejecting all of DGHI's claims. His ruling was comprehensive, comprising more than 30 pages.

After making his ruling, Judge McCutcheon stated that he had reviewed Evans' proposed findings of fact and conclusions of law and intended to adopt them. He nevertheless asked counsel for Evans to revise the findings and conclusions to conform more closely to the oral ruling. The parties returned to court for a presentation hearing, where DGHI challenged 29 findings of fact and 18 conclusions of law. Judge McCutcheon considered DGHI's objections, one by one, rejecting nearly all of them. At the end of the presentation hearing, only two findings had been altered, neither substantially.[1]

The court continued the hearing so the parties could

---

[1]With additions underlined, and deletions crossed-out, the revised findings read:

4. Defendant Richard Evans is a single man residing in Gig Harbor, Washington. He was at all material time an independent agent for Pacific Cities. He was chairman of P.C.S.I.

. . . .

brief the issue of whether the defendants, although not signatories to the lease, were nevertheless entitled to fees on a reciprocity theory. When the parties reconvened, the court ruled in favor of the defendants. Judge McCutcheon provided that DGHI could contest the reasonableness of the claimed fees, but could do so only in writing and without oral argument. DGHI did not voice any objections to the formerly adopted findings at this hearing.

Five days after the hearing, Evans forwarded the revised findings and conclusions to DGHI. This document included 74 findings of fact and 27 conclusions of law. DGHI took issue with only one finding and one conclusion, claiming they were premature because they related to attorney fees.[2]

The final presentation of the findings and conclusions was slated for September 28, 1995. Judge McCutcheon died September 26. DGHI acknowledged that "Judge McCutcheon made extensive findings and adopted substantially all of Defendant Evans' Proposed Findings of Fact and Conclusions of Law." Nevertheless, DGHI contended that a new trial was necessary because a successor judge "has no authority to find facts based on the bench trial of this case."

Judge Peter Jarvis denied the motion for a new trial, rul-

---

30. On or about November 7, 1991, Jacobs met with Rick Evans and John Taylor to discuss the lease. Jacobs requested and received some instructions from ~~Ron Gregory~~DGHI regarding PCSI.

[2]A letter from DGHI's attorney to Evans' attorneys recites in part:

I reviewed the Findings of Fact and Conclusions of Law. . . . The Findings fairly reflect our discussions. However, on further reflection, I believe that Finding 74, and Conclusion 27 are premature. The Court has discretion to fix an award of attorney's fees and has, as of this date, not yet done so. I think it more appropriate that we wait until after the hearing on attorney's fees before signing the Findings.

The finding and conclusion contested as "premature" provide:

74. The court determines that the fees and costs incurred by defendant PCSI and Evans were reasonable and necessarily incurred.

27. The court concludes that defendants Evans and Pacific Cities, Inc., incurred all of their time in defending against the basic claims asserted by plaintiffs. Therefore, defendants Evans and Pacific Cities, Inc. shall be awarded a judgment for attorney's fees against plaintiff for an amount equal to all of their total attorney fees incurred.

ing that Judge McCutcheon had decided "every word" of the findings of fact and conclusions of law and that the only step not taken was to "touch his pen to those findings." Judge Jarvis took that step, and the signed findings were filed.

## Discussion
### Findings and Conclusions

██ ██ The question is whether Judge Jarvis could formally adopt the findings Judge McCutcheon approved. Whether a successor judge has such authority is governed by CR 52 and CR 63. Interpretation of these rules is a question of law and is reviewed de novo. See *WESCO Distrib., Inc. v. M.A. Mortenson Co.*, 88 Wn. App. 712, 714, 946 P.2d 413 (1997).

In an action tried before a judge, the civil rules explicitly authorize a successor judge to perform duties in an action after findings of fact and conclusions of law are filed. If findings and conclusions have not been filed, the normal recourse is to grant a new trial.[3] *See* CR 63; *WESCO*, 88 Wn. App. at 715-16. The rationale is that informal findings are subject to revision and that a successor judge cannot make findings based on evidence he or she did not hear. *See Feree v. Doric Co.*, 62 Wn.2d 561, 566-67, 383 P.2d 900 (1963); *Tacoma Recycling v. Capital Material Handling Co.*, 42 Wn. App. 439, 440, 711 P.2d 388 (1985); RCW 2.28.030(2).

---

[3]In relevant part, the successor judge rule recites:

RULE 63. JUDGES

. . . .

 **(b) Disability of a Judge.** If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after a verdict is returned or findings of fact and conclusions of law are filed*, then any other judge regularly sitting or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he [or she] cannot perform those duties because he [or she] did not preside at the trial or for any other reason, he [or she] may in his [or her] discretion grant a new trial. (Emphasis added.)

■ CR 52 requires a judge trying a case without a jury to "find the facts specially and state separately its conclusions of law." CR 52(a)(1). A basic purpose of the rule is to facilitate appellate review. *See, e.g., WESCO*, 88 Wn. App. at 716; *State v. Agee*, 89 Wn.2d 416, 421-22, 573 P.2d 355 (1977). As such, the rule does not require that the findings take any particular form, e.g., they may be incorporated in a memorandum decision or may comprise a separate document.[4] *See* CR 52(a)(4). The rule is satisfied by findings and conclusions that clearly set forth what questions were decided by the trial court and how they were decided. *Ford v. Bellingham-Whatcom County Dist. Bd. of Health*, 16 Wn. App. 709, 717, 558 P.2d 821 (1977).

In the absence of written CR 52 findings, Division II of this court has considered the court's oral findings sufficient where the record clearly relayed the relevant facts and conclusions. *See Shelden v. Department of Licensing*, 68 Wn. App. 681, 685, 845 P.2d 341 (1993). In no known case, however, has our Supreme Court held a mere oral ruling sufficient. In fact, it has stated the contrary. *See State v. Kingman*, 77 Wn.2d 551, 552, 463 P.2d 638 (1970) (citing *Quigley v. Barash*, 135 Wash. 338, 237 P. 732 (1925) and *Ferree*, 62 Wn.2d at 566). But in a prerule case, the Supreme Court conducted its review using a comprehensive oral decision that the trial court filed as a memorandum decision. *Shulkin v. Zappone*, 63 Wn.2d 201, 204, 206, 386 P.2d 133 (1963). Similarly, this court has conducted its

---

[4]In relevant part, the findings and conclusions rule recites:

RULE 52. DECISIONS, FINDINGS, AND CONCLUSIONS

**(a) Requirements.**

(1) *Generally*. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law. Judgment shall be entered pursuant to rule 58 and may be entered at the same time as the entry of the findings of fact and the conclusions of law.

. . . .

(4) *Form*. If a written opinion or memorandum of decision is filed, it will be sufficient if formal findings of fact and conclusions of law are included.

review using a trial court's written memorandum decision that did not include formal findings and conclusions. *Knudsen v. Patton*, 26 Wn. App. 134, 135 n.1, 611 P.2d 1354, *review denied*, 94 Wn.2d 1008 (1980).

Recently, this court was asked to decide whether an oral decision could satisfy CR 52's requirements. In *WESCO*, Judge McCutcheon made an oral ruling and directed the prevailing party to prepare and present findings and conclusions. He died shortly before these findings were to be presented, and a successor judge entered judgment based on the oral ruling.

The *WESCO* court noted that under CR 52, a judge has discretion to file a written opinion including findings and conclusions or to have findings and conclusions separately prepared. The court therefore held that the intent of the judge should be given substantial weight when determining whether a particular document satisfies CR 52. In *WESCO*, there was no indication that Judge McCutcheon intended his oral ruling to constitute his formal findings and conclusions. In fact, the opposite inference was present because he ordered findings and conclusions to be separately prepared. The court therefore held that CR 52 was not satisfied and that the successor judge had no authority to enter judgment. *See WESCO*, 88 Wn. App. at 716-19.

■ The facts here are significantly different. Judge McCutcheon stated his intention to adopt the contested findings when granting the defendants' motion for dismissal. The findings were then tailored to conform to his oral ruling. Judge McCutcheon then conducted an exhaustive analysis on the record considering all of DGHI's objections, and made minor revisions. DGHI concedes that Judge McCutcheon did in fact adopt substantially all of the findings. DGHI nonetheless argues that Judge McCutcheon could have been persuaded by additional arguments in the second presentation. But that presentation was scheduled to consider the reasonableness of the requested fees; the record indicates DGHI had no such additional arguments as to the findings.

Under these circumstances, there is no doubt that Judge Jarvis entered exactly the findings that Judge McCutcheon had adopted. The successor judge thus made no findings based on evidence that he did not hear. CR 1 requires us to construe the rules to secure the just, speedy, and inexpensive determination of every action; to invalidate these findings would offend that principle.[5] The parties here had a fair trial that resulted in a comprehensive ruling. After a full opportunity for objection and argument, that ruling was memorialized in written findings and conclusions that were adopted, though not signed, by the trial judge. No procedural abnormality deprived any party of justice here. The signing of the findings was proper.[6]

## Fees and Costs

The successor judge decided the amount of fees and costs that the defendants were entitled to recover. DGHI did not argue that the successor judge lacked power to decide this issue. Rather, it argued that the successor judge had authority to make his own determination as to whether fees should be awarded. The successor judge awarded fees, stating that he had reviewed Judge McCutcheon's decision and agreed with it.

 An award of attorney fees is reviewed for an abuse of discretion. *Culinary Workers & Bartenders Union No. 596 Health & Welfare Trust v. Gateway Cafe, Inc.*, 91 Wn.2d 353, 372, 588 P.2d 1334 (1979). The premise for awarding fees here was that DGHI attempted to pierce PCSI's corporate veil and hold the individual shareholders liable on the lease, which includes an attorney fee provision.

---

[5]Nor would appellate review be frustrated by relying on these findings, as they set forth each material fact. Indeed, the need for findings here is largely academic because DGHI has waived its right to challenge the sufficiency of the evidence. *See* CR 52(a)(5) (findings not required when parties stipulate that no appeal will be taken).

[6]DGHI makes the additional argument that it was deprived of a motion for reconsideration in front of Judge McCutcheon. However, CR 63 plainly anticipates such an occurrence.

DGHI prayed for fees in its complaint. Therefore, had the attempt to pierce the corporate veil been successful, DGHI would have been entitled to collect from the individual defendants. *See Culinary Workers*, 91 Wn.2d at 371-72. The lease's fee provision operates bilaterally, as it must by statute. *See* RCW 4.84.330. Thus, because DGHI would have been entitled to fees, the reciprocal policy of RCW 4.84.330 entitles the defendants to fees. *Accord Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 128-29, 599 P.2d 83, 158 Cal. Rptr. 1 (1979) (cited with approval in *Herzog Aluminum, Inc. v. General Am. Window Corp.*, 39 Wn. App. 188, 195-96, 692 P.2d 867 (1984)). There was no error in awarding fees, and DGHI does not contest the reasonableness of the awards. They are therefore affirmed.

The Respondents have all requested fees on appeal. They are so entitled and are directed to comply with RAP 18.1(d).

Affirmed.

GROSSE and BAKER, JJ., concur.

Review granted at 136 Wn.2d 1030 (1998).