977 P.2d 1231 (1999)
137 Wash.2d 933
DGHI, ENTERPRISES, A Washington General Partnership, Petitioner,
v.
PACIFIC CITIES, INC., A Washington Corporation; Richard F. Evans, Jr. and Jane Doe Evans, Husband and Wife; and John A. Taylor and Jane Doe Taylor, Respondents,
Michael R. Ukena and Ponce Pierson Ukena, Husband and Wife; James Contini and Jane Doe Contini, Husband and Wife; Border 2 Border Screenprinting, Inc., a Washington Corporation; Sea To Sea Sportswear, Inc., a Washington Corporation; and George C. Brain and Jane Doe Brain, Husband and Wife, Defendants.
No. 67041-2.
Supreme Court of Washington, En Banc.
Argued March 9, 1999.
Decided May 13, 1999.
Reconsideration Denied July 2, 1999.
Edwards, Sieh, Smith & Goodfriend, P.S., by Catherine Wright Smith and Brendan *1232 P. Finucane, Seattle; and Sonkin & Klein, by Robert S. Klein, Seattle, for petitioner.
Reed McClure, by William R. Hickman and John P. Erlick, Seattle; and Lee, Smart, Cook, Martin & Patterson, P.S., Inc., by Joel E. Wright and Kelly M. Willig, Seattle, for respondents.
SMITH, J.
Petitioner DGHI Enterprises, a Washington general partnership, seeks discretionary review of a decision by the Court of Appeals, Division I, upholding denial of a motion for new trial by the King County Superior Court, holding that a successor superior court judge could sign and enter findings of fact and conclusions of law in a civil nonjury case in which the trial judge, immediately prior to his death, had delivered an oral decision discussing proposed findings of fact and conclusions of law but did not sign either findings of fact and conclusions of law or a judgment. This Court granted review. We reverse.

QUESTION PRESENTED
The question presented in this case is whether, under Civil Rules (CR) 52(a) and 63(b), a successor superior court judge may sign and enter findings of fact and conclusions of law where the predecessor judge, immediately prior to his death, delivered only an oral decision in which he discussed findings of fact and conclusions of law but neither signed nor filed findings of fact and conclusions of law or a judgment.

STATEMENT OF FACTS
Petitioner DGHI Enterprises, a general Washington partnership, sued Respondents PCI Cities, Inc., a Washington corporation, Richard F. Evans, Jr. and John A. Taylor for breach of a commercial lease.[1] After 12 days of trial in the King County Superior Court before a judge without a jury, when Petitioner rested its case, the trial judge, the Honorable James D. McCutcheon, Jr., rendered an oral decision on May 2, 1995 granting Respondents' motion to dismiss under CR 41(b)(3).[2] In that oral decision the court discussed proposed findings of fact and conclusions of law.[3] The court asked the prevailing parties to prepare final documents and discussed a date for presentation of the findings of fact and conclusions of law for signature.[4]
The presentation proceeding was held on July 31, 1995.[5] Petitioner submitted seven pages of objections to the proposed findings of fact and conclusions of law.[6] The court rejected most of them, but agreed with two minor changes.[7] The court then asked Respondents to prepare proposed findings of fact and conclusions of law reflecting the changes[8] and requested additional briefing on the question whether "a party seeking to establish individual liability and a removal of the corporate veil may do so with impunity."[9]
A hearing on award of attorney's fees was held before Judge McCutcheon on August 23, 1995.[10] At the end of the hearing he stated he would review Petitioner's objections to the award of attorney's fees, but did not at that time sign the proposed findings of fact and conclusions of law.[11] Another hearing was scheduled for September 28, 1995, but Judge McCutcheon died two days before that date.[12]
Following Judge McCutcheon's death, Petitioner filed a motion for new trial under *1233 RCW 2.28.030 and CR 63.[13] On December 13, 1995, the Honorable Peter Jarvis, King County Superior Court, denied the motion,[14] and on February 14, 1996 signed the findings of fact and conclusions of law considered by Judge McCutcheon prior to his death, entered judgment for the Respondents, and awarded attorney's fees.[15] In a judgment of dismissal, Judge Jarvis stated the findings of fact and conclusions of law he signed had been "expressly adopted on the record by Judge McCutcheon pursuant to CR 52(a)...."[16]
Petitioner appealed the order denying its motion for new trial to the Court of Appeals, Division I. The Court of Appeals, the Honorable Anne L. Ellington writing, affirmed denial of the motion for new trial, holding that the successor judge could properly sign and enter formal findings of fact and conclusions of law because the record demonstrated the predecessor judge prior to his death had adopted those same findings and conclusions,[17] concluding the successor judge had "made no findings based on evidence that he did not hear."[18]
Petitioner DGHI Enterprises sought discretionary review by this Court which was granted December 1, 1998.

STANDARD OF REVIEW
The decision of the Court of Appeals in this case was based on an interpretation of CR 52 and 63. Interpretation of a court rule is a matter of law requiring de novo review.[19]

DISCUSSION
The principal issue in this appeal involves interpretation of Civil Rules (CR) 52 and 63. At the close of Petitioner's case in this non-jury trial, the trial court granted Respondents' motion for dismissal under CR 41(b)(3).[20] CR 41(b)(3) states in part: "Defendant's Motion After Plaintiff Rests.... If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in rule 52(a)...." A hearing was scheduled for September 28, 1995 for final presentation of the findings of fact and conclusions of law. Before he could sign and file the findings of fact and conclusions of law, the trial judge died unexpectedly on September 26, 1995.[21] Following the death of the original trial judge, the successor judge, Judge Peter D. Jarvis, signed and entered proposed findings of fact and conclusions of law submitted by the prevailing parties.[22] The document was identical to the one which would have been considered for signing by Judge McCutcheon on September 28, 1995 if he had not died two days before.
Under RCW 2.28.030(2) a judge "shall not act" as a judge "when [the judge] was not present and sitting as a member of the court at the hearing of a matter submitted for its decision."[23] A limited exception to this prohibition is contained in CR 63(b) which states:
(b) Disability of a Judge. If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not *1234 preside at the trial or for any other reason, he may in his discretion grant a new trial.
(Emphasis added.)
CR 52(a)(1) states:
In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law. Judgment shall be entered pursuant to rule 58 and may be entered at the same time as the entry of the findings of fact and the conclusions of law.
Respondents contend the requirements of CR 52(a) were met, first, by the detailed oral decision delivered by Judge McCutcheon in which he stated he "intended to adopt" the prevailing party's proposed findings and conclusions;[24] and, second, by the presentation hearing at which Judge McCutcheon answered objections to the proposed findings and conclusions, made a few minor changes and then "adopted on the record" the proposed findings and conclusions.[25] Respondents note that on September 12, 1995 Petitioner's attorney advised counsel for Respondents that, with two exceptions, the proposed findings were acceptable.[26] Respondents argue that, for this reason, entry of findings of fact and conclusions of law by the successor judge was merely a ministerial act requiring no exercise of discretion, and hence denial of the motion for a new trial was proper.[27]
In its decision, the Court of Appeals stated "the trial judge clearly and on the record adopted the findings and conclusions at issue. The act of the successor judge in entering them was therefore ministerial."[28] The Court of Appeals acknowledged that Judge McCutcheon had not signed the proposed findings and conclusions, but nevertheless concluded he had adopted them.[29]
CR 63(b) is unambiguous in its requirement that findings of fact and conclusions of law must be filed before a successor judge may perform the duties of a predecessor judge who cannot perform those duties because of death, sickness or other disability. "If the statute is unambiguous, its meaning is to be derived from the language of the statute alone."[30] In this case, the predecessor trial court judge, Judge McCutcheon, did not sign and file findings of fact and conclusions of law before his death.[31] This Court has stated:
The purpose of filing is to deposit the document in a public place so that it may be seen and examined by any person interested [in it] ..., and "A document may be said to be filed with an officer when it is placed in his official custody, and deposited in the place where his official records and papers are usually kept."[[32]]
Respondents' theory is inconsistent with the plain language of the statute. "A statute should be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."[33]
CR 63(b) is identical to former Federal Rule of Civil Procedure (FRCP) 63 before it was amended in 1991.[34] Thus decisions *1235 based upon the former federal rule, which was identical to the current Washington rule, CR 63(b), provide some limited guidance to this court.[35] Under former FRCP 63, "retrial [was required] in all cases in which the death or disability of the presiding judge [occurred] prior to return of verdict or filing of facts and conclusions of law...."[36] In Arrow-Hart, Inc. v. Covert Hills, Inc.,[37] the Court stated "Since Rule 63 specifies that a new judge may act where the previous judge had already made findings of fact and conclusions of law, it follows that if the prior judge had not made those findings and conclusions, then a new trial is required."[38] The current FRCP 63 specifically permits a successor judge to proceed with a trial "upon certifying familiarity with the record and determining that the proceedings may be completed without prejudice to the parties."[39] Our current Washington rule contains no such language.
Respondents' contention that the trial judge "specifically adoptedon the record nearly all of the proposed findings and conclusions,"[40] the position upheld by the Court of Appeals, is not supported by the record. In support of that contention, though, they point to two handwritten notations made on a copy of the proposed findings of facts and conclusions considered at the July 31, 1995 presentation hearing, and to two references to those changes in the verbatim record of that hearing.[41] There is no proof of the handwriting which constituted the notations. The proposed findings of fact do not contain a signature even purporting to be that of Judge McCutcheon. The only signature on the document, the proposed findings of fact and conclusions of law, is that of counsel for the prevailing parties, Joel E. Wright, endorsing as the lawyer submitting it.[42] The only judicial officer signing findings of fact and conclusions of law in this case was the successor judge, Judge Peter D. Jarvis, who signed a version of the proposed findings and conclusions on February 14, 1996, four months after the death of the predecessor judge, Judge McCutcheon.[43] No findings of fact and conclusions of law were signed by Judge McCutcheon at any time. The document thus could not have been filed by him in this case.
Respondents rely on certain statements by Judge McCutcheon during the trial concerning his intention to rule in their favor to support their contention that he adopted, in a legally binding sense, their proposed findings of fact and conclusions of law. In his oral decision, Judge McCutcheon stated "I intend to make the findings and conclusions very specific so that to any extent you may disagree *1236 with my conclusions after consideration of all the evidence, you will be able to ask a different court to review what I have said."[44] He also stated he thought the proposed findings of fact and conclusions of law submitted by the prevailing party were "substantially correct"[45] and that it was his "intention to adopt them."[46] Despite this declaration, Judge McCutcheon neither signed nor other otherwise "adopted" them prior to his death.
An expressed intention to perform a future act is not the same as performing the act itself. Until final judgment is entered, the trial judge is not bound by a prior expressed intention to rule in a certain manner. This Court has stated that
a trial judge's oral decision is no more than a verbal expression of his informal opinion at that time. It is necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned. It has no final or binding effect, unless formally incorporated into findings, conclusions, and judgment.[[47]]
Despite the plain language of CR 63(b) requiring filing of findings of fact and conclusions of law, Respondents further contend the verbatim record of the presentation hearing on July 31, 1995 satisfies the requirement and purpose of CR 52(a) which is simply to provide a basis for appellate review.[48] They rely upon a Federal case, Makah Indian Tribe v. Moore,[49] in which the Court held that a successor judge did have the power to sign a formal judgment where the predecessor judge announced his decision in the case prior to his death, even though no formal findings of fact and conclusions of law had been submitted to the judge. The Court noted that then existing FRCP 52 stated that "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."[50]
Under RCW 4.44.070 the prevailing party usually prepares findings of fact and conclusions of law which are then presented to the judge for signature under CR 52(c).[51] CR 52(a)(4), however, states: "If a written opinion or memorandum of decision is filed, it will be sufficient if formal findings of fact and conclusions of law are included." In contrast to the language of former FRCP 52 cited in Makah, the Washington rule allows unsigned findings of fact and conclusions of law to be included only in a written opinion (memorandum of decision) which is, of itself, a signed document.
The Court of Appeals in its decision stated CR 52(a)(4) "does not require that the findings take any particular form, e.g., they may be incorporated in a memorandum decision or may comprise a separate document."[52] The Court of Appeals acknowledged that this Court has never "held a mere oral ruling sufficient" as formal findings of fact and conclusions of law.[53] However, it noted that in Shulkin v. Zappone,[54] decided before the *1237 current CR 52 was adopted, this Court "conducted its review using a comprehensive oral decision that the trial court filed as a memorandum decision."[55] However, that case is factually distinguishable from this case. It did not involve the authority of a successor judge under CR 63(b). In that case the trial court filed a comprehensive memorandum opinion before entering an order of dismissal on a challenge to the sufficiency of the evidence. This Court concluded that findings of fact and conclusions of law would have been superfluous.[56]
The Court of Appeals also cited Knudsen v. Patton[57] which held that in a non-jury trial the absence of formal findings of fact and conclusions of law was not fatal when a written memorandum decision made clear "what questions were decided by the trial court and the theory upon which each was decided."[58] The case did not involve the authority of a successor judge under CR 63(b).
In this case, neither a written opinion nor a memorandum decision containing findings of fact and conclusions of fact was filed by Judge McCutcheon prior to his death. Formal findings of fact thus were still required under CR 52(a).[59] Judge McCutcheon apparently intended to sign the proposed findings and conclusions because, at the conclusion of his oral decision, he set a date for a presentation hearing at which the prevailing party would present those findings of fact and conclusions of law, taking his oral decision into consideration.[60] Judge McCutcheon in his oral decision did not include findings of fact and conclusions of law required by CR 52(a) as a preliminary requisite for acceptance in a signed writing if that oral decision had been reduced to writing and signed by him.
While it is true the issue of attorney's fees was the only issue discussed at the last hearing before Judge McCutcheon, he indicated several times that he still intended to review objections by the losing party.[61] Under the facts of this case the verbatim record of the presentation hearing does not satisfy the requirements of CR 52(a)(4) which permits a written opinion or a memorandum decision if findings of fact and conclusions of law are included.
In only two other cases, both decided before adoption of CR 63, has this Court ruled on the power of a successor judge to act in a case when a predecessor judge who heard the evidence has died.[62] In State ex rel. Wilson v. Kay,[63] the trial judge orally announced his decision, but died "before any findings of fact and conclusions of law were presented to [him] for signature."[64] Respondents *1238 argue that Wilson is factually distinguishable because in this case there was a presentation hearing before the trial judge and in the Wilson case there was none.[65]
In Wilson this Court emphasized that an "oral announcement" was not binding and that the judge could change his mind at any time prior to final judgment.[66] The Court stated "Had Judge Gilliam made findings of fact in the manner in which the statute requires" then a successor judge might have been able to enter judgment.[67] The Court was referring to Rem. Comp. Stat.Code § 367, the statutory predecessor to CR 52(a), which stated:
Upon the trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly.
This emphasized the requirement for findings of fact and conclusions of law, signed by the court and filed, before judgment could be entered.[68] This is still the practice under our current statutes and court rules.
In Hawley v. Priest Rapids Ice & Cold Storage Co.,[69] the trial judge filed a memorandum opinion in plaintiff's favor directing that findings of fact and conclusions of law be prepared.[70] The trial judge died before findings and conclusions could be prepared.[71] The parties entered into a stipulation that a successor judge could enter judgment consistent with the memorandum opinion of the deceased judge. The stipulation was not accepted by the court.[72] This Court upheld denial of approval of the stipulation, holding that a memorandum opinion, having no greater force than an oral opinion, "merely indicates the conclusion which the trial judge has then reached upon some or all of the questions presented for determination, the final decision to be entered still remaining within the mind of the court."[73] Such a stipulation would be permissible under current CR 52(5)(A).
On February 17, 1995, Judge McCutcheon signed an order granting in part and denying in part a motion by Respondent John A. Taylor for summary judgment.[74] Respondent Taylor contends the trial court erred in denying his motion in full and now asks this Court to remand the case with instructions to enter full summary judgment in his favor.[75]
Denial of a motion for summary judgment is generally not an appealable order under RAP 2.2(a) and discretionary review of such orders is not ordinarily granted.[76] Under Rule of Appellate Procedure (RAP) 2.3(b)(1) discretionary review may be granted where "the superior court has committed an obvious error which would render further proceedings useless...." An order denying summary judgment is interlocutory in nature *1239 and "not a final judgment for the claim still remains pending trial. The issue can be reviewed after trial in an appeal from final judgment."[77]
During the course of trial Judge McCutcheon signed and entered the order on summary judgment. Because he did not sign and enter findings of fact and conclusions of law or a final judgment prior to his death, there was no final decision in this case and the completed ruling on summary judgment remains interlocutory. Because of the decision we reach in this case referring it back to the Superior Court for retrial, Respondent Taylor's motion for summary judgment may be renewed before the new trial judge.
While the principle of judicial economy is an important one under CR 1,[78] under the circumstances of this case and considering applicable statutory language, it cannot justify a decision in this case. Under CR 63(b) and CR 52(a)(4), the successor judge could not properly sign findings of fact and conclusions of law because he did not hear the evidence in the case. Only the deceased predecessor judge, who did hear the case, had authority to sign the findings of fact and conclusions of law. This he did not do before his untimely death.

SUMMARY AND CONCLUSIONS
The Court of Appeals affirmed denial of a motion for new trial by the King County Superior Court in this case, the predecessor trial judge having died before signing findings of fact and conclusions of law. It held that the successor judge had authority to sign and enter formal findings of fact and conclusions of law because the record demonstrated the predecessor judge had adopted those same findings and conclusions prior to his death. That conclusion is not correct.
In this case, the deceased trial judge did not sign and file findings of fact and conclusions of law as required by CR 63(b). Nor did he adopt "on the record" the proposed findings and conclusions. While he did state his intention to adopt the proposed findings, that statement is not sufficient to satisfy the requirements of CR 63(b) that a verdict or findings of fact and conclusions of law must be filed before another judge may perform the duties of the prior judge who is disabled by reason of "death, sickness, or other disability."
CR 52(a) requires that facts be found "specially" and conclusions stated "separately." CR 52(a)(4) provides for a "written opinion or memorandum of decision" which includes findings of fact and conclusions of law. The deceased trial judge in this case did not issue a written opinion or a memorandum decision. Separate written findings of facts and conclusions signed by the judge were required. Nor did the deceased trial judge indicate, either by explicit statement or by his oral decision, that that decision purported to constitute a "written" opinion which included findings of fact and conclusions of law.
We reverse the decision of the Court of Appeals which affirmed the decision of the King County Superior Court denying Petitioner DGHI Enterprises' motion for new trial. We remand the case to the Superior Court.
DURHAM, MADSEN, ALEXANDER, and SANDERS, JJ., concur.
TALMADGE, J. (dissenting).
The majority is correct in noting the powers of successor judges are generally controlled by RCW 2.28.030, CR 63, and our decision in State ex rel. Wilson v. Kay, 164 Wash. 685, 4 P.2d 498 (1931). In general, a successor judge may not enter findings of fact and conclusions of law based on evidence heard by a predecessor judge. That is as it should be. But there are circumstances where our civil rules should be "construed to secure the just, speedy, and inexpensive determination of every action." CR 1. The general policy of our legal system favors resolution of controversies on the merits. I would affirm the Court of Appeals and uphold the trial court's findings of fact and conclusions of law.
*1240 To recount the facts in this case is to indicate why it is just to allow the entry of the findings and conclusions. This case, involving a commercial lease, was tried over 12 days in 1995. At the conclusion of 12 days of trial, the trial court, the Honorable James McCutcheon, granted the defendants' motion to dismiss DGHI Enterprises' (DGHI) case based on CR 41(b)(3).[1] That rule requires entry of findings of fact and conclusions of law.
On May 2, 1995, Judge McCutcheon gave an oral opinion that, when transcribed, covered 38 pages. He directed the prevailing defendants to prepare findings and conclusions and exchange them with opposing counsel. He then scheduled a hearing on the presentation of the findings and conclusions for July 31, 1995.
On July 31, 1995, Judge McCutcheon indicated he would adopt the defendants' proposed findings and conclusions. He went through the findings and conclusions individually, largely rejecting DGHI's seven pages of objections, and make only minor corrections to two findings. He reserved ruling on issues relating to the award of attorney fees, but plainly indicated in open court and on the record he would adopt the findings and conclusions that supported his decision to dismiss DGHI's case.[2]
At a further presentation hearing on August 23, 1995, the judge and counsel discussed only attorney fees issues. At this hearing, Judge McCutcheon requested briefing with respect to the issue of piercing the corporate veil. This issue pertained solely to the question of attorney fees and did not relate to liability or damages. Judge McCutcheon ruled defendants were entitled to fees, but DGHI could raise subsequent objections to the fee award only in writing. DGHI made no objections, in fact, with respect to the attorney fee decision. Judge McCutcheon scheduled a final presentation hearing on the findings and conclusions relating to all issues in the case for September 12, 1995.
Prior to this final hearing, the defendants' attorneys submitted findings and conclusions to counsel for DGHI. In a letter dated September 12, 1995, DGHI's trial counsel stated that, with two exceptions, the 74 findings of fact and 27 conclusions of law in the proposed findings and conclusions were acceptable. DGHI's counsel's exceptions related to a finding and a conclusion regarding attorney fees; he claimed consideration of the attorney fee issues seemed premature in light of the upcoming September 12, 1995 hearing. As the majority opinion relates, Judge McCutcheon died two days before the final presentation hearing on the findings and conclusions.
DGHI has not assigned error to any of the findings or conclusions. Br. of Appellants at 2. Moreover, DGHI has judicially admitted the sufficiency of the evidence supporting the findings of fact, stating it does not "challenge the sufficiency of the evidence, and it has waived its right to do so in this appeal." Candidly, DGHI indicated it "challenges the successor court's authority to enter the findings, not the findings themselves." Clerk's Papers at 3053-54. Thus, DGHI has no appeal as to the substance of the findings.
The principal aspect of prejudice DGHI raises on appeal is the remote and speculative possibility Judge McCutcheon might have changed his mind with respect to the *1241 findings at the time of the hearing on September 12, 1995. The majority contends we cannot know Judge McCutcheon's final decision on the merits until he touched his pen to the findings and conclusions. According to the majority, a bright line rule is compelled by CR 52, CR 63(b), RCW 2.28.030, and State ex rel. Wilson v. Kay, 164 Wash. 685, 4 P.2d 498 (a successor judge does not have the ability to enter findings of fact and conclusions of law in a case where that successor judge heard none of the evidence or arguments of counsel or had knowledge of the facts shown by the evidence).
However, our rules are designed to avoid elevating form over substance, First Fed. Sav. & Loan Ass'n v. Ekanger, 93 Wash.2d 777, 781, 613 P.2d 129 (1980), and to foster resolutions of cases on their merits. Shortly after adopting the Rules of Civil Procedure, we said:
In 1967, this court completely revised the Washington rules of civil procedure. The goal, as stated at the time, was "[t]o eliminate many procedural traps now existing in Washington practice;" Foreword to Civil Rules for Superior Court, 71 Wn.2d xxiii, xxiv (1967). The instant case provides a prime example of an anomalous, purely accidental, unnecessary but fatal procedural snare for the unwary or less fleet of foot. The new rules should serve as a manual or bible of civil procedure. Hopefully, careful adherence to the rules of the manual will avoid embarrassment to members of the bar because of delay and even the loss of lawsuits occasioned by unnecessarily complex and vagrant procedural technicalities. In other words, the basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."
Curtis Lumber Co. v. Sortor, 83 Wash.2d 764, 766-67, 522 P.2d 822 (1974), quoted with approval by Griffith v. City of Bellevue, 130 Wash.2d 189, 192, 922 P.2d 83 (1996).
CR 1 and its federal counterpart, FED. R.CIV.P. 1, contain the same language urging resolution of cases on the merits. In discussing the policy behind the federal rules, the Supreme Court said it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities." Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); accord Schiavone v. Fortune, 477 U.S. 21, 27, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); Bankers Trust Co. v. Mallis, 435 U.S. 381, 387, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). The early case law construing the then-new federal rules is replete with statements like, "The Rules should be construed in such a manner as to do substantial justice," Lawhorn v. Atlantic Ref. Co., 299 F.2d 353, 357 (5th Cir.1962), and "rules of practice and procedure are devised to promote the ends of justice." Ray v. Morris, 170 F.2d 498, 499 (7th Cir.1948).
The parties to this case wanted the resolution of their substantive dispute. Judge McCutcheon provided no less. DGHI presented its case for 12 days. At the conclusion of DGHI's case, Judge McCutcheon considered DGHI's arguments so insubstantial he dismissed the case under CR 41(b)(3) without even hearing from the defendants. He then entered into the verbatim record of the court a lengthy oral decision, clearly articulating his disposition of the case. Judge McCutcheon's ruling was unmistakable.
The requirement of written findings and conclusions is for our benefit. CR 52(a) sets forth a requirement for judges in bench trials to enter findings of fact and conclusions of law. The purpose of the rule is to inform appellate courts of the questions the trial court decided and the reasons for the decisions. Federal Signal Corp. v. Safety Factors, Inc., 125 Wash.2d 413, 422, 886 P.2d 172 (1994). On this record, it is plain what Judge McCutcheon decided. Seizing upon the tragic fortuity of Judge McCutcheon's death before he could sign and file the written findings and conclusions, DGHI, citing CR 63(b), asks us to treat the findings and conclusions as if they were nothing and order a new trial, giving DGHI an unwarranted victory it did not earn at the actual trial.
Where the trial court resolved the issues and had decided upon findings of fact and conclusions of law, as here, we should not *1242 perpetrate an injustice, and grant a windfall to DGHI by blindly applying our civil rules or our case law. The comprehensive nature of Judge McCutcheon's oral ruling in this case would favor a fact-sensitive approach in order to avoid the unwarranted and drastic remedy of a remand for a new trial. Moreover, Judge Peter Jarvis was correct in ruling that Judge McCutcheon had decided "every word" of the findings and conclusions on liability and damages. The only step he had not taken was "to touch his pen to those findings."
Judge McCutcheon developed the findings and conclusions seriatim. He patiently resolved all issues relating to liability and damages and worked through specific findings and conclusions to implement his 38 page oral ruling on the CR 41(b)(3) motion. Upon completing his determination regarding the findings and conclusions on liability and damages, he then moved to attorney fees. It is plain from the record in this case that all issues pertaining to liability and damages were resolved at the time of the July 31, 1995 presentation hearing. The August 23, 1995 presentation hearing was devoted exclusively to issues relating to attorney fees, not to the factual or legal issues of the trial itself.
Deciding against DGHI will not rend the fabric of our Rules of Civil Procedure. We surely did not promulgate CR 63(b) to foster injustice. Here, for all intents and purposes of the rule and in equity, fairness, and common sense, where the deceased trial judge made an articulate oral decision and meticulous findings and conclusions, all in open court and on the record, we should not permit our own rule to perpetrate the wrong result. Recognizing the importance of the overarching policy of construing our rules "to secure the just, speedy, and inexpensive determination of every action" expressed in CR 1, the Court of Appeals correctly affirmed the trial court judgment. I would do so as well.
NOTES
[1] Clerk's Papers at 4-17.
[2] Pet. for Review at 1; Report of Proceedings (May 2, 1995) at 1-38.
[3] See Id. at 1-38.
[4] Id. at 31, 37.
[5] See Report of Proceedings (July 31, 1995) at 1-32.
[6] Clerk's Papers at 2039-45.
[7] Report of Proceedings (July 31, 1995) at 6, 26.
[8] Id. at 31.
[9] Id. at 29. DGHI had asked the trial court to pierce the corporate veil in order to impose personal liability on PCI shareholders. Clerk's Papers at 76.
[10] See Report of Proceedings (Aug. 23, 1995) at 1-32.
[11] Id. at 32.
[12] Appellant's Br. at 5.
[13] Clerk's Papers at 2365-66.
[14] Id. at 2745.
[15] Clerk's Papers at 2927-30.
[16] Id. at 2929.
[17] DGHI Enters. v. Pacific Cities, Inc., 91 Wash. App. 109, 115-16, 956 P.2d 324 (1998).
[18] Id. at 116, 956 P.2d 324.
[19] Nevers v. Fireside, Inc., 133 Wash.2d 804, 809, 947 P.2d 721 (1997).
[20] See Report of Proceedings (May 2, 1995) at 1-38; Br. of Resp'ts Evans and PCI at 12.
[21] Pet. for Review at 4.
[22] See Report of Proceedings (Feb. 14, 1996) at 1-38; Clerk's Papers at 2922.
[23] Prior to adoption of CR 63, this Court held in Svarz v. Dunlap, 149 Wash. 663, 271 P. 893 (1928), that a new trial was required when a trial judge was no longer on the bench and therefore could not sign and enter the required findings of fact.
[24] Answer to Pet. for Review of Resp'ts Taylor at 4-5.
[25] Id. at 5. There is nothing in the record to support a conclusion that Judge McCutcheon "adopted on the record" the proposed findings of fact and conclusions of law.
[26] Clerk's Papers at 2553.
[27] Answer to Pet. for Review of Resp'ts Taylor at 2.
[28] DGHI Enters., 91 Wash.App. at 110, 956 P.2d 324.
[29] Id. at 116, 956 P.2d 324.
[30] Cherry v. Municipality of Metro. Seattle, 116 Wash.2d 794, 799, 808 P.2d 746 (1991).
[31] Report of Proceedings (Feb. 14, 1996) at 27; Clerk's Papers at 3043; Pet. for Review at 4; Br. for Resp'ts Evans and PCI at 12.
[32] Malott v. Randall, 83 Wash.2d 259, 262, 517 P.2d 605 (1974) (quoting Stanley v. Board of Appeals, 168 Misc. 797, 800, 5 N.Y.S.2d 956, 959 (1938)).
[33] Martin v. Department of Soc. Sec., 12 Wash.2d 329, 332, 121 P.2d 394 (1942).
[34] Former FRCP 63 stated: "If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial." See Neil Stern, Death or Disability of Judges in Civil LitigationSubstitution Under Federal Rule 63, 44 Ohio St. L.J. 1125, 1125 n. 1 (1983).
[35] American Discount Corp. v. Saratoga W., Inc., 81 Wash.2d 34, 37, 499 P.2d 869 (1972); see Beal v. City of Seattle, 134 Wash.2d 769, 777, 954 P.2d 237 (1998).
[36] Death or Disability of Judges in Civil Litigation, 44 Ohio St. L.J. at 1126. See, e.g., Ten-O-Win Amusement Co. v. Casino Theatre, 2 F.R.D. 242 (N.D.Cal.1942)
[37] 71 F.R.D. 346 (E.D.Ky.1976). See Case Comment, The Case of the Dead Judge: Fed.R.Civ.P. 63: Whalen v. Ford Motor Credit Co., 67 Minn. L.Rev. 827 (1983) (holding that, in a civil jury trial, Rule 63 requires a successor judge to grant a new trial unless a verdict has already been returned).
[38] 71 F.R.D. at 348. In Arrow-Hart, the bench trial lasted 19 days resulting in a transcript of 5000 pages. The trial judge died before issuing findings of fact or conclusions of law. Id.
[39] Federal Rule of Civil Procedure 63:

"Inability of a Judge to Proceed."
"If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness."
[40] Answer to Pet. for Review of Resp'ts Taylor at 5.
[41] Id.
[42] Clerk's Papers at 2580.
[43] Clerk's Papers at 2922.
[44] Report of Proceedings (May 2, 1995) at 3-4.
[45] Id. at 31.
[46] Id.
[47] Ferree v. Doric Co., 62 Wash.2d 561, 566-67, 383 P.2d 900 (1963).
[48] Br. of Resp'ts Evans and PCI at 16.
[49] 93 F.Supp. 105 (W.D.Wash.1950).
[50] Id. at 106.
[51] RCW 4.44.070 states: "Findings and conclusions, how made. Any party may, when the evidence is closed, submit in distinct and concise propositions the conclusions of fact which he claims to be established, or the conclusions of law which he desires to be adjudged, or both. They may be written and handed to the court, or at the option of the court, oral, and entered in the judge's minutes." Respondents contend that RCW 4.44.070 indicates that a court's findings of fact and conclusions of law may be oral. Br. of Resp'ts Evans and PCI at 17. The statute, however, is directed to counsel preparing proposed findings and not to the court. CR 52(c) implies that the court's findings, as distinct from the party's proposed findings, are to be written.

CR 52(c) states in part: "Presentation. Unless an emergency is shown to exist, or a party has failed to appear at a hearing or trial, the court shall not sign findings of fact or conclusions of law until the defeated party or parties have received 5 days' notice of the time and place of the submission, and have been served with copies of the proposed findings and conclusions...."
[52] DGHI Enters., 91 Wash.App. at 114, 956 P.2d 324.
[53] Id.
[54] 63 Wash.2d 201, 386 P.2d 133 (1963).
[55] DGHI Enters., 91 Wash.App. at 114, 956 P.2d 324.
[56] Shulkin, 63 Wash.2d at 204, 386 P.2d 133.
[57] 26 Wash.App. 134, 611 P.2d 1354, review denied, 94 Wash.2d 1008 (1980).
[58] Id. at 135 n. 1.
[59] In 1983, the Federal rule, FRCP 52 was amended to permit judges to make findings of fact and conclusions of law orally. It states in part: "It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court." The Washington rule, CR 52, does not contain such language.
[60] Report of Proceedings (May 2, 1995) at 37.
[61] Report of Proceedings (Aug. 23, 1995) at 29, 31 and 32.
[62] CR 63 has been interpreted in only four cases (including this case), all decisions of the Court of Appeals. In Tacoma Recycling, Inc. v. Capital Material Handling Co., 42 Wash.App. 439, 711 P.2d 388 (1985), the Court held that a successor judge had no authority to adopt findings of fact entered by his predecessor. The trial judge had retired from the bench and had entered findings of fact, but they were vacated because the prevailing party failed to give the required notice under CR 52(c). The successor judge adopted the original findings and entered judgment. In State v. Bryant, 65 Wash.App. 547, 829 P.2d 209 (1992), the Court held that a successor judge could not enter findings of fact based upon testimony heard by a predecessor judge who had retired, even though the predecessor judge had announced an oral decision. The Court held in WESCO Distrib., Inc. v. M.A. Mortenson Co., 88 Wash.App. 712, 946 P.2d 413 (1997), that a successor judge erred in entering judgment based upon the transcript of an oral decision rendered by the trial judge who died before entry of formal findings and conclusions.
[63] 164 Wash. 685, 4 P.2d 498 (1931).
[64] Id. at 686, 4 P.2d 498.
[65] Answer to Pet. for Review of Resp'ts Taylor at 11.
[66] Id. at 690-91, 4 P.2d 498.
[67] Id. at 691, 4 P.2d 498 (emphasis added).
[68] In Eilers Music House v. French, 100 Wash. 552, 554, 171 P. 527 (1918), this Court stated: "While a custom has grown almost into settled practice for the attorneys to present findings, conclusions, and judgment for the signature of the judge ... it is the statutory duty of the judge himself to perform these functions." This Court affirmed that the requirement that findings be "prepared and signed" is "for the protection of the court and parties." Western Dry Goods Co. v. Hamilton, 86 Wash. 478, 480, 150 P. 1171 (1915). The requirement, it said, "`gives an opportunity to place upon the record its view of the facts and the law in definite written form, sufficiently at large that there may be no mistake. To parties it furnishes the means of having their causes reviewed in many instances without great expense.'" Id. (quoting Bard v. Kleeb, 1 Wash. 370, 25 P. 467, 27 P. 273 (1890)).
[69] 172 Wash. 71, 19 P.2d 400 (1933).
[70] Id. at 72, 19 P.2d 400.
[71] Id.
[72] Id.
[73] Id. at 73, 19 P.2d 400.
[74] Clerk's Papers at 336-39. The Court granted the motion only on the claims of liability for action as a real estate agent and denied summary judgment on other issues. Id.
[75] Supplemental Br. of Resp'ts Taylor at 16-17.
[76] Sea-Pac Co. v. United Food & Commercial Workers Local Union 44, 103 Wash.2d 800, 801-02, 699 P.2d 217 (1985).
[77] Rodin v. O'Beirn, 3 Wash.App. 327, 332, 474 P.2d 903 (1970), review denied, 78 Wash.2d 996 (1970).
[78] CR 1 states in part: "[These rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."
[1] The standard for dismissal under CR 41(b)(3) is the same for the standard of dismissal for directed verdicts in jury trials: "Dismissal is proper if there is no evidence, or reasonable inferences therefrom, that would support a verdict for the plaintiff." Willis v. Simpson Inv. Co., 79 Wash. App. 405, 410, 902 P.2d 1263 (1995). A motion to dismiss at the conclusion of the plaintiff's case "admit[s] the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom." Levy v. North Am. Co. for Life & Health Ins., 90 Wash.2d 846, 851, 586 P.2d 845 (1978). Thus, we know Judge McCutcheon, an experienced trial judge, considered DGHI's case so insubstantial he dismissed it without deeming it necessary to hear from the defendants.
[2] Judge McCutcheon accepted all the proposed findings and conclusions in open court on the record after resolving DGHI's seven pages of objections to several of them. The majority suggests "on the record" can mean only a signed document. Majority op. at 1235 (contention trial court adopted findings and conclusions on the record "not supported by the record" because findings and conclusions were never signed). This is not so. Statements made and recorded verbatim in open court are "on the record." See CR 2A. In this case, the trial court made all his findings and conclusions in open court and on the record insofar as there is a verbatim recording of his statements.