# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 55215-9-II |
| LISA GRACE MILAM, | |
| Petitioner. | UNPUBLISHED OPINION |

CRUSER, J. — Lisa Milam seeks relief from personal restraint imposed following her 2019 plea of guilty to two counts of residential burglary, for which she received a drug offender sentencing alternative (DOSA) sentence. She asserts that she received ineffective assistance of counsel when her counsel: (1) did not recognize that one of her prior convictions, a 1999 conviction for unlawful possession of methamphetamine, should have washed out of her offender score; (2) did not explain how her DOSA sentence would work; and (3) did not inform her that the prosecutor had been unable to contact the witnesses against her.

To establish ineffective assistance of counsel, Milam must demonstrate that her counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of her case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). As to Milam's offender score, the State concedes that the 1999 conviction should have washed out and that she is entitled to be resentenced with a correct offender score. As to being informed how the DOSA sentence

would work, paragraph 6(w) of Milam's statement on plea of guilty, which she initialed, explains in detail how the DOSA sentence would work. She does not show deficient performance. And as to the prosecutor not being able to contact the witnesses against her, she does not show that her counsel was aware of that fact until after the plea agreement had been reached. Again, she does not show deficient performance.

Milam also asserts that her judgment and sentence is inconsistent with the sentencing judge's oral pronouncement of judgment. But she does not show any such inconsistency, and even if she did, the oral pronouncement is not binding and the written judgment and sentence controls. *DGHI Enters. v. Pac. Cities, Inc.*, 137 Wn.2d 933, 944, 977 P.2d 1231 (1999).

We grant Milam's petition in part and remand for resentencing with a correct offender score. We deny the remainder of her petition and her request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, J.

We concur:

Worswick, J.

Glasgow, A.C.J.