[No. 38309-4-I.  Division One.  November 10, 1997.]

WESCO DISTRIBUTION, INC., *Appellant*, v. M.A. MORTENSON COMPANY, ET AL., *Respondents*.

*Alan K. Willert*, for appellant.
*Dale R. Ulin* of *Ulin & Lambe, P.S.*, for respondents.

Cox, J. — A trial judge in a nonjury case rendered an oral decision at the end of trial but died before entry of formal findings and conclusions. Could a successor judge enter judgment based on a transcript of the deceased judge's oral decision? We hold that under the circumstances of this case, the successor judge erred by entering judgment. Accordingly, we vacate the judgment and remand for a new trial.

This is a contest over the right to payment for electrical materials that Westinghouse Electric Supply Co. (WESCO) supplied to a public works construction project. M.A. Mortenson was the general contractor for the construction of the Physics/Astronomy building at the University of

Washington. WESCO supplied materials to a subcontractor on the project. WESCO did not receive payment for the materials and commenced this action against Mortenson and its sureties to recover the debt.

The trial court granted summary judgment in favor of Mortenson on certain claims that are not relevant to this appeal. The parties then proceeded to trial before the Honorable James D. McCutcheon on the remaining issues. On the day following the final argument of the parties, Judge McCutcheon announced his oral decision in favor of Mortenson. At the end of his oral decision, Judge McCutcheon directed Mortenson's attorney to prepare and present proposed findings of fact and conclusions of law. The judge also set a date for a hearing at a later time for entry of the proposed findings and conclusions.

Shortly before the date of the scheduled hearing, Judge McCutcheon died. Thereafter, Mortenson moved for entry of judgment based on a transcript of Judge McCutcheon's oral ruling. WESCO opposed this motion and moved for a new trial. A successor judge heard both motions and entered judgment in favor of Mortenson. WESCO appeals.

### Disability of a Judge

WESCO first contends that the successor judge who heard the motions after Judge McCutcheon's death erred by entering judgment based on a transcript of Judge McCutcheon's oral ruling. We agree.

■ The ruling below was based on the successor judge's interpretation of CR 52 and CR 63 of the Civil Rules for Superior Court. The interpretation of these rules is a question of law that we review de novo.[1]

CR 63(b) states that

> [i]f by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform

---

[1] *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 409, 936 P.2d 1175 (1997).

the duties to be performed by the court under these rules *after* a verdict is returned or *findings of fact and conclusions of law are filed*, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.[2]

CR 52(a)(1) states in relevant part that

[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law.

CR 52(a)(4) states that

[i]f a *written* opinion or memorandum of decision is filed, it will be sufficient if *formal* findings of fact and conclusions of law are included.[3]

■ Generally, we apply rules of statutory construction when interpreting court rules.[4] But we do not resort to statutory construction if a rule is unambiguous. We determine its meaning from the language of the rule itself.[5]

■ A successor judge's assumption of duties after another judge has suffered a disability is conditioned on either the return of a jury verdict or the entry of findings of fact and conclusions of law.[6] Thus, a successor judge may not undertake such duties where the predecessor in a bench trial did not enter findings of fact or conclusions of

---

[2](Emphasis added.)

[3](Emphasis added.)

[4]*State v. Blilie*, 132 Wn.2d 484, 492, 939 P.2d 691 (1997).

[5]*See Leson v. State*, 72 Wn. App. 558, 562, 864 P.2d 384 (1993), *review denied*, 124 Wn.2d 1009 (1994).

[6]CR 63(b). *See also Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711, 713 (6th Cir. 1977) (interpreting former FED. R. CIV. P. 63, similar to current Washington CR 63).

law pursuant to CR 52. The rule is unambiguous in this respect. We therefore turn to CR 52(a) to determine whether a transcript of an oral decision of a trial judge is sufficient in this case to constitute findings and conclusions.

One of the basic purposes for requiring a judge to enter findings and conclusions in a bench trial is to facilitate review by appellate courts.[7] In the vast majority of non-jury cases, written findings and conclusions are prepared after a judge's oral decision and presented after notice to all parties for signature by the judge.[8] But CR 52(a)(4) contemplates that a judge may, alternatively, include in her *written* opinion or memorandum decision *formal* findings of fact and conclusions of law. Regardless of which of these two methods the trial judge chooses to memorialize her findings and conclusions to facilitate our review, it is clear to us that she decides *what* constitutes her findings and conclusions. Thus, implicit in the judge's choice to issue a written opinion that includes formal findings and conclusions is the decision that separate written findings and conclusions will not be entered. Where the judge has included *formal* findings and conclusions in a written opinion, there is no purpose for separate findings and conclusions to follow.

Here, Judge McCutcheon rendered an oral decision in which he stated his findings and conclusions for aspects of the case. But he also directed that counsel for Mortenson, the prevailing party, prepare written findings and conclusions for the judge's review and signature at a later hearing. Moreover, the judge gave no indication in his oral decision that he intended it to include his *formal* findings and conclusions. Indeed, it would have made no sense for him to have given such an indication because he directed counsel for the prevailing party to prepare written findings and conclusions for later presentation and approval.

---

[7]*State v. Bynum*, 76 Wn. App. 262, 266, 884 P.2d 10 (1994), *review denied*, 126 Wn.2d 1012 (1995).

[8]CR 52(c).

■ In short, the fact that a transcript of the judge's oral decision existed is of no help to Mortenson in this case. We need not decide here whether a transcript of a trial judge's oral decision may ever fulfill the requirements of CR 52 (a)(4). We limit our holding to deciding that in this case there is no showing that the trial judge intended that the transcript of his oral decision would be his *written* opinion incorporating his *formal* findings and conclusions. To the contrary, the judge expressly directed that counsel for Mortenson prepare and present at a later date proposed findings of fact and conclusions of law. We therefore reject Mortenson's contention that the transcript of the judge's oral decision was sufficient to fulfill the requirements of CR 52(a)(4) in this case.

Mortenson argues that federal law interpreting FED. R. CIV. P. 52(a), the counterpart to CR 52(a), supports the conclusion that the court's oral decision is sufficient to support entry of the judgment in this case. The argument is based on the premise that federal law is persuasive when the federal and state rules are identical.[9] But that is not the case here. The last sentence of the current version of FED. R. CIV. P. 52(a) states in relevant part:

> It will be sufficient if the findings of fact and conclusions of law are stated *orally and recorded in open court following the close of the evidence* or appear in an opinion or memorandum of decision filed by the court.[10]

Washington did not adopt this 1983 amendment to the federal rule. Thus, federal case law is not persuasive in interpreting CR 52(a)(4).

Mortenson contends that several Washington cases are consistent with federal case law interpreting CR 52(a). But

---

[9]*See American Discount Corp. v. Saratoga W., Inc.*, 81 Wn.2d 34, 37, 499 P.2d 869 (1972); *Rinke v. Johns-Manville Corp.*, 47 Wn. App. 222, 225, 734 P.2d 533, *review denied*, 108 Wn.2d 1026 (1987).

[10](Emphasis added.)

these cases are all distinguishable. In *Shulkin v. Zappone*,[11] a case decided before the adoption of the current civil rules, our Supreme Court conducted review based on the trial court's comprehensive oral decision. But there, the trial court "made a comprehensive analysis of the evidence in an oral summation, had the same filed in the cause as its memorandum opinion, and referred to it in granting the motion and entering an order of dismissal."[12] Here, as we have explained above, there is no indication that Judge McCutcheon intended his oral decision to be his formal findings and conclusions. Rather, his express direction that counsel for Mortenson prepare written findings and conclusions shows that he did not intend his oral remarks to be his formal findings and conclusions.

In *Bowman v. Webster*,[13] our Supreme Court held that where the findings of fact are incomplete or defective, the reviewing court may look to the oral or memorandum decision of the trial court. The court there determined that the findings and conclusions were inadequate for review. As a result, and because there was no oral or memorandum decision to supplement the findings and conclusions, it remanded the case with instructions to the trial court to enter findings on the material issues and conclusions.[14] This case does nothing to support Mortenson's position.

In *Knudsen v. Patton*,[15] the trial court prepared a written memorandum decision but did *not* include formal findings and conclusions. This court, in a footnote, stated that the lack of formal findings and conclusions was not fatal, based on *Shulkin* and *Bowman*. *Knudsen* is distinguishable because the trial court there prepared a written decision. Here, the trial court did not prepare any written de-

[11] 63 Wn.2d 201, 206-07, 386 P.2d 133 (1963).

[12] *Shulkin*, 63 Wn.2d at 204.

[13] 42 Wn.2d 129, 135, 253 P.2d 934 (1953).

[14] 42 Wn.2d at 136.

[15] 26 Wn. App. 134, 135 n.1, 611 P.2d 1354, *review denied*, 94 Wn.2d 1008 (1980).

cision. In addition, the opinion does not provide any analysis that would support extending the principle applied in *Shulkin* to the facts of this case.

The transcript of the trial court's oral decision was insufficient in this case to fulfill the requirements of CR 52(a)(4). We hold that in the absence of the entry of the required findings and conclusions by the trial judge, the successor judge was not authorized to enter judgment.

Because we resolve the question of the validity of the judgment based on our interpretation of CR 63 and CR 52(a)(4), we need not reach WESCO's other arguments challenging the validity of the judgment.

We vacate the judgment and remand this matter for a new trial. Because we vacate the judgment, we do not reach the question of whether the award of fees below was proper. Likewise, neither party is entitled to fees on appeal in view of the current posture of this case.

The remainder of this opinion has no precedential value and will not be published.[16]

KENNEDY, A.C.J., and WEBSTER, J., concur.