IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Estate of RICHARD H. VATNE, | ) ) ) | No. 82417-1-I |
| Deceased. | ) ) | DIVISION ONE |
| RYAN VATNE, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| KATARINA VATNE, | ) ) ) | |
| Respondent. | ) | |

BOWMAN, J. — Ryan Vatne appeals the trial court's order dismissing his petition to set aside his father's will in a probate action. Ryan[1] claims the court erred when it determined his will contest was time barred. We affirm.

FACTS

Richard Vatne died on May 9, 2020. Richard executed a "Last Will and Testament" (Will) the summer before he died. The Will appointed Richard's adult daughter Katarina Vatne as the personal representative (PR) of the Estate of Richard H. Vatne (Estate). The Will also named Katarina as the sole heir. It identified Katarina's son Dylan Vatne and Richard's adult son Ryan as contingent beneficiaries.

---

[1] Because the parties share the same last name, we refer to them by their first names for clarity, and intend no disrespect by doing so.

Citations and pin cites are based on the Westlaw online version of the cited material.

The court admitted the Will to probate on July 17, 2020 and recognized Katarina as the Estate's PR. In that capacity, Katarina published a "Probate Notice to Creditors" but did not identify Ryan as a potential heir or send him notice. Ryan discovered the probate action in September 2020. He then petitioned to set aside the Will on October 1, 2020. Ryan claimed that Richard suffered from dementia and that Katarina and Richard's wife Sharon Vatne unduly influenced his father to exclude him from the Will.

On January 8, 2021, Katarina in her role as PR of the Estate moved under CR 12(b)(6) to dismiss Ryan's petition, arguing that he failed to timely serve her with notice and that the petition was now time barred. In response, Ryan filed a "Declaration of Service" stating that on October 1, 2020, "I personally served Katarina Astrid Vatne, by handing it to her." Ryan did not identify what "it" was. Ryan also filed a declaration of nonservice by a process server. The process server stated that he received the petition to set aside the Will on December 17, 2020 and described several unsuccessful attempts to serve Katarina with the petition between December 19 and 30.[2] In reply, Katarina maintained that Ryan never served her with the petition and that she did not avoid the process server.

---

[2] On April 26, 2022, Ryan moved to supplement the appellate record with a declaration of service on Katarina of a summons in a separate matter. Under RAP 9.11(a), we will supplement the record with additional evidence only if (1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court. Because Ryan's evidence does not meet the extraordinary circumstances of RAP 9.11(a), we deny his motion to supplement the record. See E. Fork Hills Rural Ass'n v. Clark County, 92 Wn. App. 838, 845-46, 965 P.2d 650 (1998).

She also explained that their family dispute had become so contentious that she was afraid of Ryan.[3]

The trial court considered the declarations and heard arguments on February 2, 2021. It granted the Estate's motion to dismiss the Will contest with prejudice. The court determined that Ryan did not provide adequate proof of service because his Declaration of Service did not "identify what documents he allegedly served" on Katarina and it was "not properly sworn." The court also concluded that under CR 4(c), Ryan could not lawfully serve the Estate because he was a party to the action. Finally, the court determined that as much as Ryan claimed Katarina evaded service, he had sufficient alternative means of service available that he chose not to use. The court awarded Katarina as PR of the Estate reasonable attorney fees and costs.

Ryan appeals.

ANALYSIS

Ryan argues the trial court erred in concluding his Will contest was time barred because he lawfully served the Estate with notice. In the alternative, he contends the trial court should have tolled the statute of limitations so he could cure any service defects. We disagree.

Under CR 12(b)(6), a defendant may move to dismiss when pleadings do not state a claim on which the court can grant relief. Kinney v. Cook, 150 Wn. App. 187, 191-92, 208 P.3d 1 (2009). We review CR 12(b)(6) dismissals de novo. Trujillo v. Nw. Tr. Servs., Inc., 183 Wn.2d 820, 830, 355 P.3d 1100 (2015).

---

[3] Katarina attached to her declaration in support of the reply brief a copy of her petition to the superior court for an order protecting her from Ryan.

3

But when, as here, the trial court considers materials outside the pleadings, we treat the CR 12(b)(6) motion as a summary judgment motion under the standards of CR 56. Berst v. Snohomish County, 114 Wn. App. 245, 251, 57 P.3d 273 (2002); CR 12(c).

We review a trial court's summary judgment order de novo. Zonnebloem, LLC v. Blue Bay Holdings, LLC, 200 Wn. App. 178, 182, 401 P.3d 468 (2017). We view all facts and reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Id. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id.; CR 56(c).

A will contest is a purely statutory proceeding, so provisions of the applicable statute govern our review. In re Kane's Estate, 20 Wn.2d 76, 83, 145 P.2d 893 (1944); In re Estate of Van Dyke, 54 Wn. App. 225, 228, 772 P.2d 1049 (1989). Interpretation of a statute is a question of law that we review de novo, but when a statute is "clear on its face," it is "not subject to judicial interpretation." Cascade Floral Prods., Inc. v. Dep't of Labor & Indus., 142 Wn. App. 613, 618, 177 P.3d 124 (2008).

RCW 11.24.010 provides only a limited opportunity for interested parties in probate actions to contest a will:

> If any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he or she shall file a petition containing his or her objections and exceptions to said will, or to the rejection thereof. . . .
> For the purpose of tolling the four-month limitations period, a contest is deemed commenced when a petition is filed with the

4

court and not when served upon the personal representative. The petitioner shall personally serve the personal representative within ninety days after the date of filing the petition.[4] If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.

If no person files and serves a petition within the time under this section, the probate or rejection of such will shall be binding and final.

The language of RCW 11.24.010 is "unambiguous," so the statute "requires no construction." In re Estate of Jepsen, 184 Wn.2d 376, 380, 358 P.3d 403 (2015). As a result, we strictly enforce the requirements under RCW 11.24.010 for commencing will contests. Id. at 381.

## 1. Proper Service of the Will Contest

Ryan argues he lawfully served the Estate with notice of his petition to set aside the Will through the Estate's PR, Katarina. He contends that nothing in the plain language of RCW 11.24.010 says service needs to be made by a nonparty and that CR 4(c) does not apply.

Proper service of process is essential to invoke personal jurisdiction over a party to a will contest. In re Estate of Kordon, 157 Wn.2d 206, 210, 137 P.3d 16 (2006); In re Marriage of Markowski, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988). The petitioner carries the initial burden to prove sufficient service. Streeter-Dybdahl v. Nguyet Huynh, 157 Wn. App. 408, 412, 236 P.3d 986 (2010).

The interpretation of a court rule is a question of law we review de novo. Cascade Floral Prods., 142 Wn. App. at 618. We interpret court rules the same way we interpret statutes, looking to the rule's plain language to determine its

---

[4] Ryan filed his petition to set aside the Will on October 1, 2020. The 90-day deadline to serve the PR with his petition was December 30, 2020.

meaning. <u>Buckner, Inc. v. Berkey Irrigation Supply</u>, 89 Wn. App. 906, 913-14, 951 P.2d 338 (1998). We give effect to the plain meaning of a court rule by considering the text, surrounding context, and related provisions. <u>Dan's Trucking, Inc. v. Kerr Contractors, Inc.</u>, 183 Wn. App. 133, 139, 332 P.3d 1154 (2014). A rule's plain meaning governs our interpretation unless it is ambiguous. <u>WESCO Distribution, Inc. v. M.A. Mortenson Co.</u>, 88 Wn. App. 712, 715, 946 P.2d 413 (1997).

The Civil Rules govern superior court procedure "in all suits of a civil nature whether cognizable as cases at law or in equity." CR 1. The rules "supersede all procedural statutes" that may conflict unless the rules are inconsistent with "statutes applicable to special proceedings." CR 81.

CR 4(c) provides:

> Service of summons and process, except when service is by publication, shall be by the sheriff of the county wherein the service is made, or by the sheriff's deputy, or by any person over 18 years of age who is competent to be a witness in the action, other than a party.

The plain language of CR 4(c) prohibits a party to an action from serving summons and process. Nothing in RCW 11.24.010 conflicts with this rule. Indeed, our Supreme Court has recognized that chapter 11.24 RCW implicitly adopts the requirements of CR 4(c). <u>See</u> <u>Kordon</u>, 157 Wn.2d at 213 ("While [the notice requirement] of RCW 11.24.020 imposes no explicit statutory time limit on the issuance of a citation, it implicitly adopts the requirements of the Superior Court Civil Rules and Title 4 RCW governing civil procedure."). Because Ryan was a party to his petition, he could not lawfully serve Katarina with the Will

6

contest himself. The trial court did not err in determining that Ryan's Declaration of Service did not establish proper service of his petition to set aside the Will.

2. Tolling the Statute of Limitations

In the alternative, Ryan argues that the trial court should have tolled the 90-day statute of limitations under RCW 11.24.010 so that he could cure any service defects. He contends Katarina's actions warranted tolling because she did not serve him with the Probate Notice to Creditors and purposely evaded service of his Will contest.

A. Service of Probate Notice to Creditors

The parties do not dispute that Katarina failed to serve Ryan with the Probate Notice to Creditors. Under RCW 11.28.237(1), the PR of an estate must notify potential heirs and creditors of a pending probate action:

> Within twenty days after appointment, the personal representative of the estate of a decedent shall cause written notice of his or her appointment and the pendency of said probate proceedings, to be served personally or by mail to each heir, legatee and devisee of the estate and each beneficiary or transferee of a nonprobate asset of the decedent whose names and addresses are known to him or her, and proof of such mailing or service shall be made by affidavit and filed in the cause.

Citing In re Estate of Little, 127 Wn. App. 915, 113 P.3d 505 (2005), Ryan argues that Katarina's failure to notify him of the probate proceeding as required by statute is a denial of procedural due process and a jurisdictional defect rendering the probate order void. Little is distinguishable.

In Little, the estate's PR failed to serve notice of probate proceedings to several potential heirs. 127 Wn. App. at 918. Consequently, the heirs did not learn of the probate proceeding until years after probate closed. Id. We agreed

7

that when lack of notice precludes an heir from timely challenging a will, due process demands vacating the final probate order and reopening probate proceedings. Id. at 921, 925-26. But we also noted that the order is voidable as to only those heirs who did not receive notice and an opportunity to participate in probate. Id. at 920-21, 922 (citing In re Estate of Walker, 10 Wn. App. 925, 930, 521 P.2d 43 (1974) (any person who submits to the jurisdiction of the probate court will be deemed to have waived notice thereof)). The probate decree still controls any heirs who submitted to the court's jurisdiction by participating in the probate litigation, "except as necessary to protect the right of the [heirs] who had not been notified." Id. at 922-23.

Unlike the heirs who received no notice in Little, Ryan learned of the probate proceedings before they closed. He then voluntarily submitted to the jurisdiction of the court by petitioning to contest the Will. As such, he had a chance to participate in the probate proceedings and waived the statutory notice requirement of RCW 11.28.237(1).[5] Ryan's procedural due process and jurisdictional claims lack merit.

B. Evasion of Service

i. Statutory Tolling

Ryan argues that Katarina tolled the statute of limitations under RCW 4.16.180 by concealing herself from service. That statute provides:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall

---

[5] Ryan also argues Katarina's failure to notify him of the probate action is cause for her removal as the Estate's PR under RCW 11.28.250. But Ryan did not raise this argument below or seek relief from the trial court under this statutory provision. We decline to address it on appeal. RAP 2.5(a).

be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

Under RCW 4.16.180, "concealment" means " 'clandestine or secret removal from a known address.' " Rodriguez v. James-Jackson, 127 Wn. App. 139, 147, 111 P.3d 271 (2005)[6] (quoting Caouette v. Martinez, 71 Wn. App. 69, 74, 856 P.2d 725 (1993)).  The party invoking RCW 4.16.180 must show a "willful evasion of process." Id.

Here, the process server declared that "someone was home" at Katarina's known address on December 21, 2020, his second attempt at service.  Ryan also told the trial court that Katarina "has been at home while the process server has waited outside."  Katarina admitted she was at home on December 21.  But she explained that she was scared to answer the door that day based on Ryan's "threatening behavior" and because she did not know the man "pounding" on the door and "yelling" her name, whom she thought was trying to enter her home by "shining a flashlight in [her] windows" and "physically tr[ying] to open the [locked] door."

The process server made five more attempts to serve Katarina at her residence between the Christmas and New Year holidays and noted only that "no one answered the door" and that "no one came or went" while he waited outside.  Even viewing these facts in a light most favorable to Ryan, the record does not

---

[6] Internal quotation marks omitted.

9

support his allegation that Katarina secretly removed herself from her known address willfully to evade service.[7]

### ii. Equitable Tolling

Ryan also claims that Katarina's behavior should have equitably tolled his service deadline. Washington "allows equitable tolling when justice requires." Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998). Evidence of bad faith, deception, or false assurances by one party and the exercise of diligence by the other party permits equitable tolling. Id. Even so, equitable tolling is appropriate only "when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." Id. The party asserting equitable tolling bears the burden of proof. Benyaminov v. City of Bellevue, 144 Wn. App. 755, 767, 183 P.3d 1127 (2008).

Assuming that the service requirement under RCW 11.24.010 is subject to equitable tolling,[8] we disagree that tolling is appropriate here. As discussed above, Ryan fails to show that Katarina's conduct amounts to bad faith or deceptive tactics. In any event, we agree with the trial court that Ryan did not avail himself of available alternative service methods.[9] Because he cannot

---

[7] Ryan also points to an attempted service where he alleges Katarina " 'ran to her vehicle in an attempt to get away from [the process server].' " But this event occurred on January 28, 2021, well beyond the 90-day deadline for service under RCW 11.24.010.

[8] A statutory time limit that is not a procedural limitation but a jurisdictional requirement precludes equitable tolling. In re Pers. Restraint of Bonds, 165 Wn.2d 135, 140, 196 P.3d 672 (2008). In Jepsen, the Supreme Court declined to address whether the time limit in RCW 11.24.010 is jurisdictional. 184 Wn.2d at 381 n.5.

[9] RCW 4.28.080(17) provides for service by mail if the petitioner cannot accomplish personal service "with reasonable diligence." And because Ryan argued below that Katarina was evading service, he could have moved to serve her by publication. RCW 4.28.100(2).

establish due diligence, Ryan cannot benefit from equitable tolling.[10]

Because we conclude Ryan failed to serve the Estate lawfully with notice of his Will contest and no provision for tolling applies, the trial court properly dismissed his petition.[11]

3. Attorney Fees

Ryan asks us to vacate the trial court's award of attorney fees in favor of Katarina. Katarina in her role as PR of the Estate requested attorney fees under two statutes, RCW 11.24.050 and RCW 11.96A.150.

RCW 11.24.050 provides:

If the will be sustained, the court may assess the costs against the contestant, including, unless it appears that the contestant acted with probable cause and in good faith, such reasonable attorney's fees as the court may deem proper.

And RCW 11.96A.150 provides:

(1) Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

---

[10] Ryan also suggests equitable tolling should apply because Katarina induced him into prematurely filing his petition without the assistance of counsel by misleading him into believing the statute of limitations would lapse. The record does not support his contention.

[11] We decline to consider Ryan's vague claim that the trial court violated his equal protection rights because he provided no authority or meaningful analysis to support it. See RAP 10.3(a)(6); Brown v. Vail, 169 Wn.2d 318, 336 n.11, 237 P.3d 263 (2010) ("A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment.").

(2)  This section applies to all proceedings governed by this title . . . . This section shall not be construed as being limited by any other specific statutory provision providing for the payment of costs, including . . . 11.24.050, unless such statute specifically provides otherwise.

The plain language of RCW 11.24.050 makes an award of attorney fees discretionary.  In re Estate of Bussler, 160 Wn. App. 449, 471, 247 P.3d 821 (2011) ("The operative word in awarding attorney fees under RCW 11.24.050 is 'may.' ").  RCW 11.96A.150(1) also provides that a court "may, in its discretion," order reasonable attorney fees.  We will uphold an attorney fee award unless we find the trial court manifestly abused its discretion.  In re Estate of Black, 116 Wn. App. 476, 489, 66 P.3d 670 (2003), aff'd on other grounds, 153 Wn. 2d 152, 102 P.3d 796 (2004).  The trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons.  Id.

Ryan claims the trial court should not have awarded fees to the PR under RCW 11.24.050 because he contested the Will in good faith and presented a legitimate defense to the Estate's motion to dismiss.  But we need not decide whether Ryan's conduct amounted to bad faith under RCW 11.24.050 because the trial court properly exercised its discretion to award attorney fees under RCW 11.96A.150(1).  And RCW 11.24.050 does not limit that statute.  RCW 11.96A.150(2).  We uphold the attorney fee award to Katarina.

Katarina asks us to award her attorney fees on appeal.  Under RAP 18.1(a), a party may request attorney fees on appeal if "applicable law" grants it the right to recover the fees.  Katarina again cites RCW 11.24.050 and RCW

11.96A.150 in support of her request.  We exercise our discretion and decline to award Katarina attorney fees on appeal under either statute.

    Affirmed.


                                                     _____
                                                     Bowman, J.

WE CONCUR:


_____      _____
Chung, J.                                Andrus, C.J.